IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ted D. Ellis and Teresa Ellis, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C/A No.: 9:19-cv-2163-RMG-MGB |
| | ) | |
| Cody C. Kirkman, individually; Amber Swinehammer, individually; Lindsey Gibson, individually; Cody C. Kirkman, Amber Swinehammer, and Lindsey Gibson, as agents/officers of Town of Bluffton Police Department; and Town Of Bluffton Police Department | ) ) ) ) ) ) ) ) | PLAINTIFFS' MOTION TO EXCLUDE DEFENDANT'S EXPERT WITNESS PURSUANT TO RULES 26 AND 37 FRCP |
| | ) | |
| Defendants. | ) | |

Plaintiffs, Ted and Teresa Ellis, by and through their undersigned attorney, requests that this Court preclude testimony from Defendant's expert because they have not provided disclosure of his opinion as required by Fed. Rule 26. In further support, Plaintiffs states as follows:

1. Pursuant to the Fourth Amended Scheduling Order, filed on August 7, 2020: "Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed R. Civ. P.26(a)(2)(B) has been disclosed to other parties by **September 6, 2020**".
2. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed R. Civ. P. 26 (a)(2)(B).
3. Plaintiffs have not received a written report from Defendants designated expert. On the day the Defendants designation of expert's deadline, Defendants designated Brian S. Batterton as their expert witness. There was no attached report or submissions from Mr. Batterton. Instead Defendants stated; "[a] summary of his preliminary opinions will be provided under separate cover. Upon completion of discovery, Major Batterton will issue a written report and/or affidavit

containing his full opinions to a reasonable degree of certainty within the field of police procedure within the law enforcement community of the State of South Carolina."

Federal Rule 26 requires a Scheduling Order to include one or more dates by which each party shall identify each person it intends to call as an expert witness at trial. By this very rule, the party's designation must contain the required information including: the identity of the witness, the subject matter on which the expert is expected to testify, a summary of the grounds of the expert's opinion, as well as a copy of the report prepared by the expert concerning his or her opinions and findings. In this case, Defendant's deadline to comply was September 6, 2020.

Although the Defendants have identified the subject matter upon which its expert intends to testify, Defendants have not provided a summary of the grounds of their expert opinion, nor has it attached a copy of any report prepared by their expert concerning the expert's opinions and findings. Even worse, Defendants' designation is lacking any mention of what the expert *opinions actually are.*

Pursuant to Federal Rule 37(b), As such, Defendants have failed to disclose its expert in compliance with the Federal Rules and the Scheduling Order issued in this case and as such, those expert opinions should be precluded.

September 22, 2020

 s/ Arie D. Bax
FEDERAL ID #: 10340
The Bax Law Firm
10 Sams Point Way  Ste B-1 PMB 138
Beaufort, SC 29907
Phone: (843) 522-0980 Fax: (843) 379-3115
ATTORNEY FOR THE PLAINTIFFS