IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ted D. Ellis and Teresa Ellis, | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) C/A No.: 9:19-cv-2163-RMG-MGB ) |
| Cody C. Kirkman, individually; Amber Swinehammer, individually; Lindsey Gibson, individually; Cody C. Kirkman, Amber Swinehammer, and Lindsey Gibson, as agents/officers of Town of Bluffton Police Department; and Town Of Bluffton Police Department | ) ) MOTION FOR PARTIAL SUMMARY ) JUDGMENT ) ) ) ) ) ) |
| Defendants. | ) ) |

COMES NOW Plaintiffs, Ted and Teresa Ellis, who move for Summary Judgment as a matter of law pursuant to Fed. R. Civ. P. Rule 56. For the reasons explained below, there are no genuine issues of material fact, and Plaintiffs are entitled to judgment as a matter of law.

**Background**

1. **Statement of the Case**. On August 03, 2017, Defendant Kirkman, a Bluffton police officer, was on patrol duty and conducted a traffic stop on Plaintiff Ted Ellis. Officer Kirkman informed Ted Ellis of the reason for the stop, that the tag on the vehicle had been suspended due to lack of insurance. Officer Kirkman asked Ted Ellis for his driver's license and registration. Ted Ellis submitted the registration to the officer and informed the officer that he did not have his license in his possession. Upon returning to his patrol vehicle, Defendant

Kirkman was informed that the Ted Ellis's license had been suspended for several years due to unpaid traffic tickets. After deciding to take Ted Ellis into custody, Defendant Kirkman radioed fellow officer Gibson to respond to the scene to assist. At that time Defendant Swinehammer also responded she would be present to assist. Once those officers arrived on scene, Defendant Kirkman informed them that he would be taking Ted Ellis into custody.

2. **Undisputed Material Facts**.

Defendant Kirkman, has been and still is employed with the Bluffton Police Department. It was in his capacity as a patrol officer that he approached Ted Ellis on this specific date and time. After the initial encounter with Defendant Kirkman, Mr. Ellis remained in his vehicle and was on the phone. However, once Defendant Kirkman directed Ted Ellis to turn off his ignition, he complied. Ted Ellis also complied when Defendant Kirkman asked him to exit his vehicle. Even as he voiced his disapproval of the situation, he continued to comply in turning around and facing his vehicle while he was placed in hand cuffs double locked behind his back. Ted Ellis, clothed only in basketball shorts and an undershirt, was searched by Defendant Kirkman. Defendant Kirkman, along with Defendant Swinehammer, then led Ted Ellis to Kirkman's police issued SUV. Upon reaching the SUV, Defendant Kirkman informs Ted Ellis that he needs to search him once more. Ted Ellis replies that he has already been searched. Defendant Kirkman continued to insist on conducting another search of Ted Ellis's person. Ted Ellis continued to ask that he just be placed in the police car. Defendant Kirkman continues

to get visually and audibly more aggressive, while clearly conducting the search he claims Mr. Ellis was arguing against.

After a few moments of this exchange, Defendant Kirkman yells "No!", suddenly and abruptly dropped his upper body down, reached out and grabbed both of Ted Ellis' legs below his knees and jerked both of his legs up to Defendant Kirkman's standing waist height. Ted Ellis, a 6'4" adult African-American male, was cuffed behind his back at this time.

As a direct and proximate result of Defendant Kirkman's intentional, improper, and excessive use of force in jerking Plaintiff Ted Ellis feet up to waist height, Mr. Ellis fell face-first onto the asphalt of the road way, impacting the side of the police vehicle on the way down, suffering immediate sever traumatic injury to his teeth, jaw, and cranium. Due to the fact that he was handcuffed behind is back, he was unable to stop or do anything to hinder his fall directly to his face. Mr. Ellis head impacted the paved road so violently that his blood spurted up and onto the outside of the police vehicle's door almost to the window. Defendant Kirkman followed with a knee to Ted Ellis's back. Although there was never a physical struggle from Ted Ellis, Defendant Kirkman kept his knee pinned on Ted Ellis's back for approximately 7 minutes.

Defendant Gibson assisted Defendant Kirkman by restraining Plaintiff Ted Ellis' legs and holding his feet down for approximately 4 minutes. Defendant Swinehammer was present and recording the events that occurred, but failed to render aid to Ellis despite seeing Defendant Kirkman remove Ted Ellis' feet from under him and Ted Ellis' chin striking the pavement.

She observed Ted Ellis "laid out on the ground" and bleed from his chin. She appears to laugh after Ted Ellis's head bounces on the pavement. Later, she also directed fire personnel to rinse Ted Ellis' blood from SUV.

Defendant Swinehammer also made several attempts to physically cover the lens of her body camera with her hand when Ted Ellis is in her viewing area so that his image is not completely captured by the camera, clearly demonstrating that she knew what she was watching was wrong and not proper behavior for a fellow police officer.

Neither Defendant Gibson or Defendant Swinehammer attempted to intervene when their fellow officer was obviously becoming more agitated and aggressive and no steps were made to de-escalate the situation.

All of these actions were captured on video tape. In fact, there are several videos from different perspectives of the incident, including body cam and dash cam video from the officers. All of these videos originated with the Bluffton Police Department.

## LIABILITY IS ESTABLISHED AS A MATTER OF LAW

All evidence in this matter has been captured by video. No one has to guess as to what actually happened on this particular date. The only question is whether the actions of Defendants, Kirkman, Swinehammer, and Gibson are unreasonable in light of the circumstances on their face. That questioned is more than answered by the Plaintiff's expert who is qualified to give the opinion that the Defendants' actions were unreasonable and not at all justified by the circumstances. Liability arises from these actions. Liability is established as a matter of law as Defendants have

failed to produce any expert opinion, or any other evidence, that the Defendants' action were in fact reasonable as a matter of law.

Despite having an over four (4) month period between Plaintiff's proper Rule 26 expert disclosure that included a report as required, the Defendant failed to properly disclose an opposing expert. As a result of the Defendant's failure to comply, they have no admissible evidence to refute the evidence that Plaintiff will produce to establish liability.

**A. Violation of 42 U.S.C.A. §1983 as to Defendants Cody Kirkman and Town of Bluffton Police Department**

As to Plaintiffs' First Cause of Action, Violation of 42 U.S.C.A. §1983 as to Defendants Cody Kirkman and Town of Bluffton Police Department, there is no dispute that Defendant Kirkman was and still is currently employed with the Bluffton Police Department. There is also no dispute that at the time of the incident, Defendant Kirkman was operating in his role as a police officer and that he conducted the traffic stop on Plaintiff Ted Ellis under the color of law. There is also no dispute that as his employer, Bluffton Police Department was in charge of his continued training and supervision. Defendant Town of Bluffton Police Department independently owed a duty to the public to ensure that its officers were trained and supervised adequately in methods of arrest without unnecessarily endangering the health and well-being of those individuals. It was foreseeable that, without ensuring such adequate training and supervision, Bluffton police officers would utilize methods of arrest that are unnecessarily violent and that result in severe physical injury to those individuals being arrested.

The Fourth Amendment of the United States Constitution prohibits the use of excessive force. As stated in Plaintiff's expert report, "[a]ny reasonable officer would have known that, under the circumstances, Ofc. Kirkman's use of force was unreasonable, excessive, and contrary to generally accepted police practices."

Defendants' have not submitted an expert opinion or any other evidence to refute that assertion. As such, liability is established as a matter of law as Defendants have failed to produce any expert opinion that the Defendants' action were reasonable or necessary as a matter of law.

**B. Defendants Kirkman 42 USC § 1983 Violation of Teresa Ellis's Constitutional Right to Marital Consortium**

As there is no dispute about Defendants' liability of the causation of Plaintiff Ted' Ellis' injury, there is no dispute of Teresa Ellis' marital consortium injuries in Plaintiffs' Second Cause of Action. But for Defendants' actions in violating Ted Ellis' rights and injuring therefrom, Teresa Ellis would not have suffered any of her injuries. Therefore, liability is established as a matter of law.

**C. As to Defendants Kirkman, Swinehammer and Gibson Negligence/Gross Negligence**

As to Defendant's Third Cause of Action, there is no dispute that Defendants Kirkman, Swinehammer, and Gibson were negligent as a matter of law. "Whether a duty exists in a negligence action is a question of law to be determined by the court." *Nelson v. Piggly Wiggly Central, Inc.* 390 S.C. 382, 388, 701 S.E. 2d. 776, 779 (Ct. App. 2010).

Defendants Kirkman, Swinehammer and Gibson acted as agents and/or servants of Defendant Town of Bluffton Police Department. While acting in their capacity as employees of Defendant Town of Bluffton Police Department, Defendants Kirkman, Swinehammer and Gibson owed a duty to use due care in affecting arrests. Defendants Kirkman, Swinehammer and Gibson violated this duty of due care by the use of excessive force in their arrest of Mr. Ellis.

As stated in Plaintiff's expert report, "[o]fficers are taught that, pursuant to *Graham v. Connor*, 490 U.S. 386 (1989), any use of force must be objectively reasonable under the circumstances." He further states that "[a]ny reasonable officer would also know and appreciate that putting a handcuffed individual into an uncontrolled forward fall is highly likely to result in the subject's face or head striking the ground. Such an impact is substantially likely to risk death or serious physical injury."

There is no dispute that Defendant Kirkman was the primary officer in this incident. However, Defendant Gibson was also an active participant in the arrest and restraining Ted Ellis. After Defendant Kirkman's illegal takedown of Ted Ellis, Defendant Gibson participated in holding down his legs and restricting his movement for approximately an additional 4 minutes.

Defendant Swinehammer was also present and recording the events but failed to immediately render aid to Ellis despite seeing Defendant Kirkman remove Ted Ellis' feet from under him and Ted Ellis' chin striking the pavement. She observed Ted Ellis laid out on the ground and bleed. She also directed fire personnel to rinse Ted Ellis' blood from a police issued SUV.

As stated by Professor Staughton, "any reasonable officer would have known that performing a rear double leg takedown on a handcuffed subject was unreasonable, excessive, and contrary to generally accepted police practices." Neither Defendant Gibson or Defendant Swinehammer attempted to intervene when their fellow officer was obviously becoming more agitated and aggressive and no steps were made to de-escalate the situation. Therefore, liability is established as a matter of law.

**D. Negligence/Gross Negligence *Respondeat Superior* and Negligent Training/Supervision of Defendants Kirkman, Swinehammer, and Gibson**

Defendants Kirkman, Swinehammer, and Gibson were, at all times, operating in their capacity as employees of Defendant Town of Bluffton Police Department, under the doctrine of *respondeat superior* liability as their actions lie with Defendant Town of Bluffton Police Department negligent training and/or supervision and retainment. Defendant Town of Bluffton Police Department breached its independent duty to adequately train and supervise its officers by failing to ensure that Defendants Kirkman, Swinehammer, and Gibson utilized methods of arrest that were reasonable. More specifically, Defendant Town of Bluffton Police Department failed to train and supervise its officers in a manner that would ensure that unarmed and hand cuffed individuals would not be subjected to potentially lethal methods of arrest. As a direct and proximate result of the independent negligence of Town of Bluffton Police Department, Ellis suffered grievous injuries more thoroughly described above.

Whether the court decides to apply the doctrine of respondent superior or the theory exposed in the *Slakan v. Porter*, 737 F.2d 368 (4th Cir.1984), cert. denied, 470 U.S. 1035, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985), "[t]he principle is firmly entrenched that supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." In *Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994), the court reasoned that liability is not premised upon respondeat superior but upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Thus, liability is established as a matter of law as Defendants have failed to produce any evidence to refute Town of Bluffton Police Department's liability for the sanctioning of their officers' conduct.

**E. Defendant Town of Bluffton Police Department Loss of Consortium**

As stated above, as to the Town of Bluffton Police Department and Plaintiff Teresa Ellis loss of consortium claim, there is no dispute about Defendant's liability for the sanctioning of the officers' conduct that caused Plaintiff Ted Ellis' injury, as well as the subsequent negative retainment of those said officers, there is no dispute of Teresa Ellis' marital consortium injuries in Plaintiffs' Fifth Cause of Action. Therefore, liability is established as a matter of law.

**F. Defendant Town of Bluffton Police Department-Assault**

Because Defendant Town of Bluffton failed to properly train their officers to conduct an arrest in a manner that would not expose anyone to the type of injuries suffered by Plaintiff Ted Ellis, they are liable for the assault that occurred. Specifically, as previously stated, "any

reasonable officer would have known that performing a rear double leg takedown on a handcuffed subject was unreasonable, excessive, and contrary to generally accepted police practices." Not only did the Town of Bluffton continue to employee Defendant Kirkman, they sanctioned his conduct in their use of force report.

Ted Ellis was Ellis was battered due to Defendant Kirkman's infliction of unreasonable, unlawful, unauthorized, and excessive violence on the person of Ellis. Defendant Town of Bluffton Police Department is vicariously liable for the conduct of its employee Defendant Kirkman. Ted Ellis has suffered significant physical injuries and damages, including, but not limited to, a concussion and cervical sprain, loss of several teeth, facial lacerations, tremendous pain, mental anguish, emotional distress, humiliation, loss of wages, substantial medical and dental expenses and other expenses. Liability is established as a matter of law as Defendants have failed to produce any evidence to refute Town of Bluffton Police Department's liability for their officers' sanctioned conduct.

**G. Defendant Town of Bluffton Police Department Intentional Infliction of Emotional Distress/Outrage**

Defendants Kirkman, Swinehammer, and Gibson intentionally and/or recklessly inflicted severe emotional distress on Ted Ellis or was certain or substantially certain that such distress would result from their conduct. Defendants Kirkman, Swinehammer, and Gibson behavior was so extreme and outrageous that it exceeds all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community. Not only was Plaintiff Ted Ellis

physically assaulted but he was humiliated and subject to dehumanizing behavior as he was ridiculed by the officers while he was in pain. He was left at bleeding. He was held down. He was made to watch as his own blood was washed down the side of car by a fireman. He also had a knee in his back for 7 minutes, four of the minutes two officers were kneeling on his back. All of this was while he was suffering from a concussion with his teeth visibly lying on the asphalt road around him. He was denied immediate medical assistance. Instead of allowing the paramedics to transport Mr. Ellis to the hospital when it was apparent that he suffered head and neck injuries which could have been exacerbated by movement, he was instead transported in the back of the police car. He was also subjected to the wrongful prosecution of the felony charge of "resisting arrest" which, he had not committed, that was sanctioned by the Town of Bluffton Police Department and Defendant Kirkman's supervisors. A charge subsequently dismissed by the Fourteenth Circuit Solicitor's Office as soon as they saw the brutality of the officer's actions in the video. Most outrageous is the documentation by Defendant Kirkman that Plaintiff Ted Ellis hurt himself. An out and out lie that is demonstrated by the video. The Town of Bluffton Police Department was then complicit in that lie and furthered it by stating it again in their finding at the conclusion of an internal review of the officers' actions.

In this cause of action, liability as a matter of law is established and clear and should be ruled as such by the court.

**<u>CONCLUSION</u>**

The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials." *Anderson v. Liberty Lobby, Inc*. (4th Cir. 1994), 477 U.S. at 248, 106 S.Ct. at 2510. "A mere scintilla of evidence supporting the case is insufficient. Id." Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994).

Based on the arguments stated above and the attachments included hereto, Plaintiff should be awarded Summary Judgment as a matter of law as to the liability of the Defendants.

September 28, 2020

s/ Arie D. Bax
FEDERAL ID #: 10340
The Bax Law Firm
10 Sams Point Way Ste B-1 PMB 138
Beaufort, SC 29907
Phone: (843) 522-0980 Fax: (843) 379-3115
ATTORNEY FOR THE PLAINTIFFS