IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Ted D. Ellis and Teresa Ellis, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C/A No.:  9:19-cv-2163-RMG-MGB |
| | ) | |
| Cody Kirkman, Individually: Amber | ) | |
| Swinehammer, Individually: Lindsey | ) | |
| Gibson, Individually; Cody C. Kirkman, | ) | |
| Amber Swinehammer, and Lindsey | ) | |
| Gibson, as agents/officers of Town of | ) | |
| Bluffton Police Department; and Town | ) | |
| Bluffton Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

_____

## DEFENDANTS' OBJECTION TO PLAINTIFFS'
## MOTION TO EXCLUDE DEFENDANTS' EXPERT WITNESS
_____

The above-named Defendants, by and through their undersigned counsel, respectfully move this Court, in accordance with the provisions of Federal Rules of Civil Procedure ["FRCP"] Rule 26(b), to deny Plaintiff's Motion to Exclude Defendants' Expert Witness (EFC no. 27) on the grounds set forth herein.

Plaintiff files his Motion to Exclude on September 22, 2020, (EFC no. 27), prior to any consultation with counsel for Defendants, citing Federal Rule of Civil Procedure 26 entitled Duty to Disclose and Federal Rule of Civil Procedure 37 entitled Failure to Make Disclosures or to Cooperate in Discovery; Sanctions.  Fed R. Civ. P. 26(a)(2)(B) provides that unless otherwise agreed between counsel or ordered by the Court the disclosure of expert testimony must be accompanied by a written report containing those items listed

in those provisions.  In this matter, the expert witness disclosure was timely made on September 8, 2020 (EFC no. 25), listing Defense Police Expert Brian Batterton and listing the same medical witnesses listed in Plaintiff's expert designation as potential witnesses. The report was served via email and U.S. mail on September 29, 2020.

In support of their request that the Court deny Plaintiff's Motion to Exclude, the Affidavit of Defense Counsel Christy Scott is filed with the Court outlining the occurrences in the matter and providing relevant letters, emails and Affidavits of Service.  Based upon this record, Defendants argue as follows:

1.  Paragraph 1 of the Fourth Amended Scheduling Order, filed on August 7, 2020, required disclosure of the identity of Defendants' expert and a written report prepared and signed by the expert including all information required by Fed R. Civ. P. 26(a)(2)(B) by September 6, 2020.  Fed R. Civ. P. 26(a)(2)(B) provides an exception to production on that date of the written report where otherwise agreed between counsel.  Additionally, Paragraph 3 of the Scheduling order directs that "*[n]o motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Rule 7.02 (D.S.C)*."

2.  In this matter, an issue arose resulting in an unexpected delay in obtaining the report that required consultation with Plaintiff's Counsel to obtain agreement in contemplation of filing a Motion to Enlarge the Time to Designate an Expert.  Those issues are addressed in detail in the Affidavit filed in support of this Objection to the relief sought.  By way of summary, the Defendants' intended expert witness, requested in conversations with counsel around September 1 and 2, 2020 that his discovered potential conflicts be addressed with the named Defendants and

clients. Those conflicts outlined in the affidavit included that he had co-authored a book with the Plaintiff's expert and that in reviewing the file, he had just discovered that the FBI agent who authored the letter advising of the pending criminal investigation was a close personal friend of this expert. (Affidavit of Scott, paragraph 7).

3.  After consultation with both the clients and their personal attorneys in the parallel criminal investigation, on September 2, 2020, it was felt that a conflict with this expert existed. At that time, the defense decided to retain another of the experts consulted. The discovery of conflict and resulting delay was through no fault of the named Defendants. As a result of the conflict, Defendants' Counsel retained Expert Brian Batterton and received a two to three week estimate as to when the report would be completed. (Affidavit of Scott, paragraphs 8-9).

4.  Per Paragraph 3 of the Fourth Amended Scheduling Order and Local Rule 7.02 (D.S.C), Mrs. Scott was required to confer with Plaintiffs' Counsel Arie Bax before filing a Motion for Enlargement of the time for disclosure of Defendants' Expert Report. Local Rule 7.02 (D.S.C) is entitled "*Duty to Consult Before Filing Any Motion*" and requires that "all motions contain an affirmation by the movant's counsel that prior to filing the motion he or she conferred or attempted to confer with opposing counsel and attempted in good faith to resolve the matter contained in the motion."

5.  On September 4, 2020, Mr. Bax's office was consulted and in his absence as he was working at home, Defendants' Counsel spoke with his paralegal advising that due to the circumstances outlined, Defendants had their expert designation but not

the report and that Defendants could file a Motion to Enlarge the September 6, 2020 deadline for naming experts but would prefer by agreement to name the expert and provide the report upon receipt within the next few weeks. Counsel requested she relay this issue to Mr. Bax and requested that she be notified if that was not acceptable as Defendants would need to file a Motion to Enlarge. Counsel also asked her to have Mr. Bax call her at his convenience to consult on several other issues in the case. (Affidavit of Scott, paragraph 12).

6.   Attorney Bax's office called back and requested that the additional topics to be addressed in the requested phone call be outlined in an email. That email was sent on Friday, September 4, 2020 at 2:46). No call or objection to the stipulation was made. (Affidavit of Scott, paragraph 13, Exhibit F).

7.   Monday, September 7, 2020 was a holiday and Defense counsel's office was closed. Defense phone records document another call to Mr. Bax's office in another attempt to consult on the additional issues outlined in Defendants' September 4, 2020 request for conference on Tuesday, September 8, 2020 in a 7-minute conversation. This was the date of the filing of the Defendants' expert designation. Mr. Bax was not available. At no time was Counsel made aware that Mr. Bax would not consent to the requested stipulation relayed on September 4, 2020 and that on that date, she filed the prepared designation in lieu of the Motion to Enlarge. (Affidavit of Scott, paragraph 15).

8.   Counsel attests that it was her belief that Mr. Bax agreed to the offered stipulation to list the expert and to provide the expert report within the coming weeks upon receipt of same and that there was a misunderstanding of consent on her part.

Counsel attests that in hindsight, she should have reduced the stipulation to writing and takes responsibility for this oversight. She attests that had she not been under this mistaken assumption, she would have moved this Court for a brief enlargement on the warranted grounds created by the conflict of the expert. (Affidavit of Scott, paragraphs 14-15).

9.    Mr. Bax did not confer with Defense Counsel prior to his filing of Plaintiff's Motion to Exclude. During a lengthy phone conversation with Mr. Bax on Tuesday, September 22, 2020, there was no mention of any failure to receive the expert report nor was there any consultation on Plaintiff's planned Motion to Exclude the defense expert. Defense Counsel learned about the Tuesday afternoon filing of a Motion to Exclude the following morning.

10.   Defense Counsel Scott, in good faith, relied on the belief that after consultation, Plaintiffs' Counsel Bax agreed to the proposed stipulation to allow later delivery of the Defendants' Expert's Report in light of the circumstances. This reliance, although mistaken, resulted in the decision that a Motion to Enlarge was not necessary.

11.   Fed R. Civ. P. 26(a)(2)(D), entitled "Time to Disclose Expert Testimony" provides that the parties must make expert disclosures at the times and sequence that the court orders; however, absent a stipulation or a court order, the disclosure must be made at least 90 days before the date set for trial or for the case to be ready for trial. Defendants' received and forwarded Defendants' Expert Report on September 29, 2020, ninety-four (94) days before the date set for trial under the Fourth Amended Scheduling Order, filed on August 7, 2020.

In conclusion, the preclusion of Defendants' Expert Testimony due to delays based on a revealed conflict beyond the control of Defendants and a misunderstanding between counsel would be counter to the interests of equity and justice under Fed R. Civ. P. 26(a)(2)(D) and would unfairly prejudice the named Defendants who played no part in this misunderstanding.

Wherefore, the above-named Defendants respectfully request that in the interest of equity and justice, this Court denies Plaintiffs' Motion to Exclude.

Respectfully submitted.

LAW OFFICES OF CHRISTY L. SCOTT, LLC

By:    s/Christy L. Scott_____
       Christy L. Scott, Federal ID No. 6215
       Post Office Box 1515, 108 Carn Street
       Walterboro, SC  29488
       (843) 782-4359

       ATTORNEY FOR DEFENDANTS
       Cody C. Kirkman, Individually and as an Officer of
       Town of Bluffton Police Department; Amber
       Swinehamer, (mistakenly spelled Swinehammer),
       Individually and as an Officer of Town of Bluffton
       Police Department; Lindsey Gibson, sued individually
       and as a former police officer of the Bluffton Police
       Department, and the Town of Bluffton Police
       Department

September 30, 2020

Walterboro, South Carolina