IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Ted D. Ellis and Teresa Ellis, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C/A No.: 9:19-cv-2163-RMG-MGB |
| ) | |
| Cody Kirkman, Individually: Amber ) | |
| Swinehammer, Individually: Lindsey ) | |
| Gibson, Individually; Cody C. Kirkman, ) | |
| Amber Swinehammer, and Lindsey ) | |
| Gibson, as agents/officers of Town of ) | |
| Bluffton Police Department; and Town ) | |
| Bluffton Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## AFFIDAVIT OF COUNSEL CHRISTY SCOTT

PERSONALLY, appeared before me the undersigned who, being first duly sworn, on oath, says:

1. I am Christy Scott, attorney of record for named Defendants Cody Kirkman, Amber Swinehammer, Lindsey Gibson, and the Town of Bluffton Police Department. Attached are true and accurate letters and records in the referenced case that may be relevant to the pending Motion to Exclude, Motion to Stay, and discovery conference set in this matter and counsel's recollection of events underlying the subject matter in the pending Motions before the Court.

Doc #594

2.      A Motion for Protection, with consent of all parties after consultation was filed, (EFC no. 20) requesting Court and deadline protection for the undersigned Counsel to allow recovery for non-elective inpatient surgery through September 4, 2020. Due to surgery complications, the expected overnight surgery required an initial two-day stay, a subsequent six-night hospitalization in late July and required twice weekly outpatient infusions through July and August. I returned to work at the office around the third week of August.

3.      In early June, largely based upon the current national events, the Federal Bureau of Investigations received a request to investigate the facts underlying this action to consider federal criminal charges against the individually named officers. Attached as **Exhibit A** is a copy of the letter of FBI Supervisory Special Agent John Warrington advising that the Federal Bureau of Investigation has initiated a Civil Rights, Color of Law inquiry into allegations of unlawful force by Officer Kirkman upon Ted Ellis.

4.      During my surgery leave, I worked with the officers to obtain criminal defense counsel and the FBI investigation commenced. Defendant Cody Kirkman is represented by Charleston attorney Lionel Lofton. Defendant Lindsey Gibson is represented by Beaufort attorney Mike Macloskie. Since their retention of personal criminal counsel, I have worked with these attorneys to protect the rights of the officers involved and have consulted with them on all discovery matters. During my medical leave, Attorney Lofton made initial contact with the defense expert who would have been expected to have been used in the civil and criminal matters.

5.      The August 7, 2020 Scheduling Order of the Court required disclosure of the Defendant's expert by September 6, 2020. Due to the weekend and holiday, the time for

Doc #594

filing was Tuesday, September 8, 2020. The Expert Witness Disclosure was timely made on September 8, 2020 (EFC no. 25) listing Defense Police Expert Brian Batterton and listing the same medical witnesses listed in Plaintiff's expert designation as potential witnesses. That disclosure is attached as Defendants **Exhibit B.**

6. Mr. Batterton's report was served by email and mail on Plaintiff's Counsel Bax on September 29, 2020, the date of receipt from the expert, and the affidavit of service was filed with the Court. (EFC no. 31). The Affidavit of Service is attached as **Exhibit C**. The reasons for delay were explained to Mr. Bax's office in my consultation on a Motion to Enlarge the date for designation and accompanied my proposal that we agree to allow my listing and provision of the report upon receipt in the coming weeks in lieu of moving for enlargement. I mistakenly took the lack of objection from Mr. Bax as agreement. This was my shortcoming alone but the details of the events regarding how I came to this misunderstanding are set forth herein.

7. On or about September 1 and 2, phone consultations were had regarding the defense expert's discovery of potential for conflict that he desired to apprise my clients of. The first was that he had co-authored a book with the Plaintiff's expert and the second was that in reviewing the file, he had just discovered that the FBI agent who authored the letter advising of the pending criminal investigation was a close personal friend of this expert.

8. After my consultation with both the clients and their personal attorneys in the criminal investigation, Lionel Lofton and Mike Macloskie, on September 2, 2020, it was felt that a conflict with this expert existed. At that time, the defense decided to retain another of the experts consulted.

Doc #594

9. During consultation with Mr. Lofton on September 2, 2020, it was discovered that the federal investigation was continuing with consideration of federal criminal charges against Officer Kirkman and potentially Defendants Swinehamer and Gibson. When the FBI first sought to interview these responding officers, legal counsel spoke with the federal attorneys who declined at that time to exclude officers Swinehamer and Gibson from being potential subjects of the investigation. That stance remains.

10. It became apparent that a Motion for Stay to protect the rights of the officers was in order. The ongoing parallel criminal investigation by federal authorities severely limits the officers' ability to properly participate in the litigation of the civil matter. This motion is needed to safeguard the officers' rights against self-incrimination secured by the Fifth Amendment of the United States Constitution and to allow them to comply with the advice of their criminal counsel.

11. Attached as **Exhibit D** is the September 3, 2020 letter of Mr. Kirkman's Legal Counsel Lionel Lofton which confirms our September 2, 2020 conversation and the details of his conversations with Assistant US Attorney Garner indicating that they did not expect a prosecutorial decision until late 2020 or early 2021 and that the FBI investigation was ongoing. Attached as **Exhibit E** is a second letter of Mr. Lofton of September 29, 2020, which confirms that under his advice Defendant Kirkman will stand on his report and will not provide additional statements or sit for deposition in any matter related to the Ellis incident under investigation. These letters demonstrate the limitations on the officers' ability to properly participate in the litigation of the civil matter and the need for a stay.

12. On or about September 4, 2020, I called Mr. Bax's office to consult with him and learned he was working at home. I spoke with his paralegal advising that we had our

expert designation but not his report and that I could file a Motion to Enlarge the September 6, 2020 deadline for naming experts but would prefer by agreement to name the expert and provide the report upon receipt within the next few weeks. I requested she relay this issue to Mr. Bax and requested that I be notified if that was not acceptable that date as I needed to file a Motion. I also asked her to have Mr. Bax call me at his convenience to consult on several other issues in the case.

13. Thereafter, later on September 4, 2020, law clerk Trevor Stephens advised that Mr. Bax's paralegal requested that I send an email regarding the additional matters that I needed to address to Mr. Bax and request a return call. I drafted the email and forwarded it to Clerk Stephens at 2:01 pm from my personal email. The email was sent to Mr. Bax from the office email at 2:46 pm, Friday, September 4, 2020. That email is attached as **Exhibit F.** In that email, I addressed the additional matters to include the Motion to Stay, potential issues arising from the federal claim and a recommendation that we agree to a two-part mediation with the initial phase to be conducted during the stay and pre-depositions to reconvene if settlement proved not possible after discovery was complete.

14. At that time, it was my belief that Mr. Bax, upon my earlier personal consultation through the paralegal on his unavailability, preferred that I not move to enlarge the designation period and agreed to my offered stipulation to list the expert and to provide the expert report within the coming weeks upon receipt of same. I should have reduced the stipulation in writing and I take responsibility for this oversight. Had I not been under this mistaken assumption, however, I would have moved this court for a brief enlargement which I feel would have been warranted under the circumstances.

15. Monday, September 7, 2020 was a holiday and our office was closed. Our phone records document another call to Mr. Bax's office in attempts to consult on the issues outlined in our request for conference on the date of the filing of our designation Tuesday, September 8, 2020 in a 7-minute conversation. Mr. Bax was not available. At no time was I made aware that Mr. Bax would not consent to our stipulation to avoid a Motion for Enlargement. His staff remained pleasant and helpful and I take responsibility for not reducing same to writing and making sure I had his consent. It was a misunderstanding of consent on my part and my calls were to address the additional issues and to consult on the Motion to Stay.

16. On Monday, September 21, 2020 my office again emailed a request to set a phone conference on the stay and other issues, and I spoke with Mr. Bax on Tuesday, September 22, 2020. There was no mention of any failure to receive the expert report indicating he was unaware of my offered stipulation. Nor was there any consultation on Plaintiff's planned Motion to Exclude the defense expert. Had Mr. Bax been unaware of my proposal for stipulation in lieu of filing for enlargement of the expert designation period based on the circumstances that had arisen, I would have expected him to contact my office regarding whether the report had been mailed. I learned about his filing that afternoon of a Motion to Exclude the following morning.

17. During that Tuesday phone conversation, I discussed with Mr. Bax that early morning on Monday, September 21, 2020, my Associate Charlotte Hickman, who had been out of the office ill three days the previous week, called to advise that over the weekend she had been diagnosed with COVID following onset of severe symptoms and a positive COVID test. We were instructed that each employee had to be tested and that

our office had to remain closed until the test results were in. During that conversation Mr. Bax advised that he was unable to consent on our Motion to Stay and I advised that we would get to him all pending written discovery prior to filing that Motion.

18. Each of my employees and I underwent COVID testing last Monday, September 21, 2020 and began to work remotely, and did not get results until Wednesday and Thursday. Thankfully, all employee test results other than Attorney Hickman were negative and we returned to the office last Thursday.

19. On our return to the office, it was discovered that Ms. Hickman's illness had interrupted transmission of certain requested records to Expert Batterton that delayed the completion of his report. These were provided on our return to the office.

20. Our unexpected closure delayed our projected completion of discovery responses from Friday, September 25, 2020 until Monday, September 28, 2020. Mr. Bax was apprised on Friday by email that I would complete same over the weekend and get them to him on Monday. This email is attached as **Exhibit G.**

21. Full discovery responses to separate Interrogatories to Defendants Kirkman, Swinehamer and Gibson and the Joint Requests for Production were sent to their separate counsel for approval on Monday, September 28, 2020 and were served Monday afternoon on Attorney Bax for Plaintiff via both email and US mail. The Affidavit of Service is attached as **Exhibit H**.

22. There has been no intentional delay or actions in contradiction to the discovery rules regarding identification of experts. I have been working with each Defendant's separate counsel in the criminal investigation to initial discovery responses out prior to

Doc #594

filing the Motion to Stay in an effort to protect the rights of the individually named officers without causing undue delay.

23. I have kept Mr. Bax up to date on our progress and the closing of the office temporarily due to Attorney Hickman's COVID diagnosis and our required testing and sanitation of the office space. I consulted on the Motion to Enlarge the time to name an expert and offered a stipulation in lieu of filing a contested Motion to Enlarge to provide the report within weeks of naming the expert under the deadline and did not file a Motion to Enlarge as I understood consent was given, however mistakenly.

24. The named Defendant officers have given constant attention to and participation in their defense and the circumstances do not warrant any sanction that would prejudice their ability to present defenses in this matter.

_____
Christy L. Scott

SWORN TO BEFORE ME THIS
__30__ day of September 2020

__Trevor Stephens__ (L.S.)
Notary Public for South Carolina
My Commission Expires: __8/19/2030__