IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ted D. Ellis and Teresa Ellis, )<br>                                                  )<br>       Plaintiffs, )<br>                                                  )<br>          v. )<br>                                                  )<br>Cody C. Kirkman, individually; Amber )<br>Swinehammer, individually; Lindsey )<br>                                                  )<br>Gibson, individually; Cody C. Kirkman, )<br>Amber Swinehammer, and Lindsey )<br>Gibson, as agents/officers of Town of )<br>Bluffton Police Department; and Town )<br>Of Bluffton Police Department )<br>                                                  )<br>      Defendants. )<br>_____) | C/A No.: 9:19-cv-2163-RMG-MGB<br><br>MEMORANDUM IN SUPPORT OF<br>PLAINTIFFS' MOTION TO PRECLUDE<br>DEFENDANT'S EXPERT WITNESS<br>PURSUANT TO RULES 26 AND 37 FRCP |

Pursuant to the Fourth Amended Scheduling Order, filed on August 7, 2020: "Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed R. Civ. P.26(a)(2)(B) has been disclosed to other parties by **September 6, 2020**".

"Rule 26 requires parties to disclose relevant information during discovery. Fed. R. Civ. P. 26. Rule 37(c) requires parties to disclose relevant information under Rule 26(a) and (e) and supplement earlier incomplete or incorrect responses. Fed. R. Civ. P. 37.4 Rule 16(f) allows a court to impose sanctions if a party fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C); see Fed. R. Civ. P. 37(b). A court may also 'order the party, its attorney, or both to pay the reasonable expenses—including attorney's

fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). *VIR2US, Inc. v. Invincea, Inc.,* 235 F.Supp.3d 766 (E.D. Va. 2017).

On the day of the Defendants designation of expert's deadline, Defendants designated Brian S. Batterton as their expert witness. There was no attached report or submissions from Mr. Batterton. Instead Defendants stated; "[a] summary of his preliminary opinions will be provided under separate cover. Upon completion of discovery, Major Batterton will issue a written report and/or affidavit containing his full opinions to a reasonable degree of certainty within the field of police procedure within the law enforcement community of the State of South Carolina."

It is abundantly clear from Defendant counsel's own filings and submissions that Defendants failed to abide by the presiding Scheduling Order. Contrary to assertions by Defendant Counsel there was no consultation with Plaintiff's Counsel to delay Defendants' expert's report.

As to Defendant's Counsel argument that Plaintiff counsel neglected to consult before filing this motion, Plaintiffs submit there was no meaningful opportunity to consult about Defendants' violation of the scheduling order and Rule 26. When Counsel filed her disclosure on September 8, 2020 that she was not submitting her expert report along with her filings as required, there was no further need for consultation with Counsel as she made it clear she was not complying with the rule. Defendants stated; "[a] summary of his preliminary opinions will be provided under separate cover. *Upon completion of*

*discovery*, Major Batterton will issue a written report and/or affidavit containing his full opinions to a reasonable degree of certainty within the field of police procedure within the law enforcement community of the State of South Carolina."

More importantly, the deadline had already passed when Plaintiffs filed their motion, therefore, any consultation with Defendant Counsel would have been pointless. Not only does counsel for the Defendants make it clear that they will not be providing a Rule 26 compliant report on the deadline, she indicates "a summary of his preliminary opinions will be filed under separate cover" suggesting they were going to send something, even non-compliant, at the time of the filing.  Nothing was sent until Defendants send the written report on September 29th, 21 days after the deadline.

Moreover, pursuant to local rule 7.01, a party has a "Duty to Consult Before Filing Any Motion.  Absent exemption in the governing federal or local civil rule, … other dispositive motions do not require consultation."  Specifically, pursuant to Rule 37(a) a party is required to make a good faith effort to consult with opposing counsel.  However, Rule 37(b) outlines the procedures for failure to comply with a court order.  There is nothing in the rule that requires the consultation with opposing counsel regarding the failure to abide by a court order.  The Fourth Amended Scheduling Order provides: "No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Rule 7.02 (D.S.C). *All other motions*, including dispositive motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed.R.Civ.P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before October 21, 2020."  Furthermore, in the Amended

Scheduling order, which was drafted by Defendant counsel, it explicitly states that discovery matters require a consultation however, the subsection regarding expert witness disclosure does not require that same consultation

Defendant Counsel's assertion that the expert report was timely made is blatantly false. Counsel would have been required to submit the report at the same time that the expert designation was made. That was not done. Examination of the designation itself reveals that it did not comport with the required details that must be included in the report. More importantly, the disclosure of the report was required by Rule 26 as well as the scheduling order signed by Judge Gergel on August 7, 2020.

It is also was not mere oversight by Defendants' counsel that no report was submitted. Defendants had an additional four months to obtain an expert and have a report completed. Plaintiff's disclosed their expert and sent his Rule 26 compliant report to opposing counsel on April 27th, 2020. Defendant's counsel subsequently requested that Plaintiff's consent to a four-month extension of the remainder of the deadlines in the then current scheduling order due to an upcoming surgery, which Plaintiff's counsel did consent to.

**Affidavit of Christy Scott**

Ms. Scott continues to assert facts and events that are absolutely not true. There is no other way to mince words about these statements.

Ms. Scott assets to the court that she made a good faith effort to consult with counsel regarding allowing her to submit her expert report at a later date. Ms. Scott indicated that

she called Plaintiff's Counsel's office on September 4, 2020 which was the Friday before the holiday weekend and 2 days before her Rule 26 disclosures were due. Ms. Scott specifically asserts that she had a conversation with Plaintiff Counsel's paralegal and relayed all these pertinent details about issues with her expert and needing Counsel to agree to an extension to submit her expert report. Counsel would refer the court to the attached Affidavit of Elizabeth Bufkin, paralegal for Plaintiff's Counsel, who specifically attests to the following facts: 1) Ms. Bufkin never spoke to Ms. Scott at any time in the month of September 2020; 2) a phone call was made to our office by a Mr. Trevor Stephens who stated that Ms. Scott wanted to speak with Mr. Bax but when Ms. Bufkin inquired as to what the subject might be, he could not tell her; and 3) Mr. Bax was not available as it was the Friday before the holiday. Exhibit A. This affirmation is further backed by the phone records of Plaintiffs' Counsel's office which show that there were only 1 call made to the Bax Law Firm from Ms. Scott's office on that day. It lasted a mere minute and 21 seconds. Hardly time for Ms. Scott to relay the message that she indicated she did. Further review of the those phone records will show that Ms. Bufkin returned the call to Ms. Scott's office for a length of 31 seconds in which she relayed, as indicated, that Mr. Bax wanted any issues Ms. Scott wanted to discuss sent to him in an email because he was unavailable for a phone call. Exhibit B.

Ms. Scott also asserts in her affidavit and in her filings, that she sent the email dated September 4, 2020 that is attached to her filings to Mr. Bax. Neither Plaintiff's Counsel or his paralegal, Ms. Bufkin, ever received that email. The first time Plaintiff counsel saw that email was several weeks later, on approximately September 21, 2020. Counsel searched his email and so did Ms. Bufkin. Mr. Bax then sent an email apprising

Ms. Scott that he never received this email. Exhibit C. When confronted with the fact the email had not been received, Plaintiffs' Counsel received several different reasons on why he had not received the email. First, he was told that Trevor Stephens attempted to send the email. Then Plaintiff's office was informed Mr. Stephens attempted to send it from Ms. Scott's email. Then Counsel was told that Ms. Scott sent the email herself. Another email claimed that server problems may have been to blame. See Exhibit D.

Defendants had already received a tremendous amount of consideration as they did not disclose their expert report within 30 days after Plaintiff had submitted theirs. They received an additional 4 months and thus a half-hearted attempt to contact opposing counsel on the Friday afternoon immediately prior to this important deadline does not at all constitute good faith. To then compound that mistake by lying in a sworn document filed in this Court makes this a very serious problem.

If the court examines this email, it would clearly show that there was no mention of Defendants' expert and/or his report. Counsel wants the court to believe that she mentioned all these other issues but neglected to mention the most important and pressing issue, which was her intent to fail to submit the expert report as required.

Ms. Scott also expects the court to believe she relied on Ms. Bufkin stating to her that if she did not hear from counsel, then he consented to her not submitting her expert report in a timely matter. As Ms. Bufkin indicated, she would never agree to such terms. It is also unreasonable to think that a seasoned attorney would rely on the word of support staff on such an important matter, much less that she would not follow up with Mr. Bax about the matter. Furthermore, the Fourth Amended Scheduling Order, once again

drafted by Defendants' Counsel specifically states, "[n]o further extensions will be granted absent a conference with the court."  Therefore, Counsel was aware that there had to be a consultation with the court before any deadlines were extended, including that of the designation of expert and his report.

As to Ms. Scott's assertion that she reached out to Plaintiffs' Counsel's office on September 8, 2020 and Mr. Bax was unavailable, this is once again untrue.  Only staff from Ms. Scott's office called Plaintiff's Counsel's office.  Both Ms. Bufkin, who does so in her affidavit, as well as co-counsel, Naki Richardson-Bax, who listened in on the phone call, (Exhibit B) can attest that at no time during that conversation did anyone inquire about Mr. Bax.  In fact, the entire conversation dealt with Defendants once again claiming that they had not received something from the office that was sent. .  The call was initiated as a response to the email from Ms. Bufkin alerting Ms. Scott's office that they requested information that had been previously submitted, in multiple formats, to that office. Exhibit E.

The court should also note what is missing from Ms. Scott's affidavit.  She did not include any information on when she actually secured either expert regarding this matter.  As Defendant's had since April to respond the Plaintiff's expert, it is highly unusual that it would not be until September 1, 2020 that their expert would have discovered this potential conflict regarding a report that was due on September 6.  It is also important to note that Ms. Scott asserts that she received notice from the expert that there was a conflict on September 1 and 2, 2020 but on September 8, her office contacts Plaintiff's

counsel claiming they had not received the Plaintiff's expert report. These two facts do not line up.

## ADDITIONAL GROUNDS FOR EXCLUSION OF DEFENDANT'S EXPERT

In addition to the failure of Defendants to comply with Rule 26 in their expert disclosure, another ground for the exclusion of the Defendant's expert has been revealed by the Defendants subsequent filings in response to this motion.

### Batterton as expert and his reliance on statements from Defendant Kirkman

In Defendants' filings, they attach a letter from Defendant Kirkman's criminal defense attorney that states that Defendant Kirkman will not give any statements or sit for a deposition in this matter as he faced possible federal criminal charges for violating Plaintiffs'' civil rights. However, Defendant's expert Brian Batterton specifically alludes to his interview of Defendant Kirkman and his conversations about Defendant Kirkman's intentions and version of events. Mr. Batterton specifically relies on his conversations with Defendant Kirkman in reaching his conclusions. Defendant Kirkman cannot have it both ways. If he is going to assert his Fifth Amendment Rights to not give a statement, then his statements and impressions that he relayed to Mr. Batterton cannot be allowed as part of the expert's report. As the genie is now out of the bottle, Mr. Batterton cannot now just remove those revelations from his report and give his expert opinion on the reasonableness of the force used against Plaintiff. Therefore, Mr. Batterton cannot be used as an expert in this matter. Defendant Kirkman should not be allowed to sneak

information in through the back door of an expert that he is unwilling to walk in the front door by testifying and facing cross-examination.

CONCLUSION

Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1) (emphasis added). It is the burden of the party facing sanctions to show that the failure to comply was either substantially justified or harmless." *Carr v. Deeds*, 453 F.3d 593, 597 (4th Cir. 2006)

Federal Rule 26 requires a Scheduling Order to include one or more dates by which each party shall identify each person it intends to call as an expert witness at trial. By this very rule, the party's designation must contain the required information including: the identity of the witness, the subject matter on which the expert is expected to testify, a summary of the grounds of the expert's opinion, as well as a copy of the report prepared by the expert concerning his or her opinions and findings. In this case, Defendant's deadline to comply was September 6, 2020.

Although the Defendants have identified the subject matter upon which its expert intends to testify, Defendants have not provided a summary of the grounds of their expert opinion, nor has it attached a copy of any report prepared by their expert concerning the expert's opinions and findings. Even worse, Defendants' designation is lacking any mention of what the expert *opinions actually are.*

"If a party fails to comply with the disclosure requirements provided by Rule 26(a), that party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless, and the opposing party may request additional or alternative sanctions. Fed. R. Civ. P. 37(c)(1)."

Pursuant to Federal Rule 37(b), Defendants have failed to disclose its expert in compliance with the Federal Rules and the Scheduling Order issued in this case and as such, those expert opinions should be precluded.

October 6, 2020

s/ Arie D. Bax
FEDERAL ID #: 10340
The Bax Law Firm
10 Sams Point Way  Ste B-1 PMB 138
Beaufort, SC 29907
Phone: (843) 522-0980 Fax: (843) 379-3115
ATTORNEY FOR THE PLAINTIFFS