IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ted D. Ellis and Teresa Ellis, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C/A No.: 9:19-cv-2163-RMG-MGB |
| ) | |
| Cody C. Kirkman, individually; Amber ) | |
| Swinehammer, individually; Lindsey ) | AFFIDAVIT OF ELIZABETH BUFKIN |
| Gibson, individually; Cody C. Kirkman, ) | |
| Amber Swinehammer, and Lindsey ) | |
| Gibson, as agents/officers of Town of ) | |
| Bluffton Police Department; and Town ) | |
| Of Bluffton Police Department ) | |
| ) | |
| Defendants. ) | |

Personally appeared before me, the undersigned Notary, the within named Elizabeth Bufkin, who is a resident of Beaufort County, State of South Carolina and makes this statement and Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts and things set forth are true and correct to the best of her knowledge:

1. My name is Elizabeth Bufkin.
2. I am a resident of Beaufort County, South Carolina.
3. I am at least 18 years of age.
4. I am employed with the Bax Law Firm.
5. I received a telephone call on Friday, Sept 4th from Trevor Stephens with Law Offices of Christy Scott. Trevor said Ms. Scott would like to talk to Mr. Bax. I asked him if he could elaborate a little so I could relay it to Arie. He said that she wanted to talk about the Ellis v Kirkman case. I once again asked if he had any specifics to relay. He said he wasn't sure what she wanted to talk to him about.
6. I told him I would have to contact Arie and call him back since we are working remotely. At that time Arie was unavailable to talk on the phone and requested she send an email.

1

I called Trevor back and told him that Arie was unavailable to have a phone conversation and to have Christy send an email to Arie.

7. At no time during our brief conversation did he mention a Motion to Enlarge the Sept 6 date or mention anything about their expert. At no time did I speak to Ms. Scott nor did I receive any email from Ms. Scott on Sept 4.

8. I would have never consented to anything without discussing it with Mr. Bax. I also would never tell anyone, no matter the circumstances, that if you don't hear back from our office we consent. I have always relayed any and all messages from her office as I would have relayed this one as well.

9. I received a telephone call on Sept 8th from Trevor Stephens stating they did not have our preliminary expert report. I told him that it was sent to Ms. Scott's office via email and USPS in April. I once again resent the discovery via email to Ms. Scott's office on Sept 8th and cc'd their lead paralegal, Tamika Simmons, who promptly called me.

10. As Tamika Simmons and I spoke, I had put the call on speaker so Mrs. Richardson-Bax could hear the call, as Mrs. Richardson-Bax was on call on my cell phone.

11. At no time did Ms. Simmons mention a Motion for Enlargement of the Rule 26 time or relay that Ms. Scott wanted to talk to Mr. Bax or anyone in their office.

12. Ms. Simmons informed me that Destiny Rose had quit, and she didn't know of any discovery that had been lost. Tamika said it would've been Destiny that misplaced or lost discovery as she was the paralegal assigned to the case.

13. On Sept 22 I had another phone conversation with Ms. Simmons about the Ellis v Kirkman case. She was having trouble locating the discovery requests we sent to them in April and couldn't find any of our discovery answers to them.

14. I informed Ms. Simmons that I had already resent the discovery 2 times, the was original sent via email and hard copy on April 28th, I resent a copy to Destiny on Aug 21st as she informed me that "a new paralegal lost their discovery" and again on Sept 8th. Ms. Simmons asked me if I would resend all of the discovery again, which I did.

**FURTHER AFFIANT SAYETH NOT**

2