IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Ted D. Ellis and Teresa Ellis, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C/A No.: 9:19-cv-2163-RMG-MGB |
| | ) | |
| Cody Kirkman, Individually: Amber Swinehammer, Individually: Lindsey Gibson, Individually; Cody C. Kirkman, Amber Swinehammer, and Lindsey Gibson, as agents/officers of Town of Bluffton Police Department; and Town Bluffton Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR ENLARGEMENT OF TIME TO REPLY TO MOTION FOR PARTIAL SUMMARY JUDGMENT

The above-named Defendants move for an enlargement of time to file their reply to Plaintiff's Motion for Partial Summary Judgment, filed September 28, 2020, (ECF No. 29), of 20 days beyond the publishing of the Court's decision on the pending Motion to Stay, filed September 30, 2020, (EFC No. 33) or within such time as set by the Court upon its resolution of consideration of necessary amendment of the Scheduling Order made part of that motion.[1]

---

1 Counsel for Defendant consulted on Plaintiff's position on an enlargement of time to respond to the Partial Summary Judgment by letter emailed on October 6, 2020 and Plaintiff's counsel has advised he does not consent.

Doc #661

The issues and problems faced by the individually named Defendants in defending both this civil case and the on-going and parallel criminal investigation into the events which form the basis of the causes of action put forth by Plaintiffs in their Complaint, are demonstrated through the dilemma facing each named Defendant in responding to Plaintiffs' pending motion. Plaintiffs were aware through required consultation with their attorney that the Motion to Stay was being filed and the compelling reasons therefore and Plaintiffs intended to force this dilemma.[2] The ongoing criminal investigation by federal authorities severely limits the officers' abilities to properly participate in this instant litigation of the civil matter.

The extension of time to respond to the pending dispositive motion and resolution of the Motion to Stay is needed to safeguard the officers' rights against self-incrimination secured by the Fifth Amendment of the United States Constitution whilst allowing meaningful participation in defending their official and personal capacity lawsuits.

As demonstrated in the record of this Court through the filed Affidavit of undersigned Civil Defense Counsel Scott with relevant Exhibits thereto[3], to include letters of the Investigating Authority and letters of the Officer Kirkman's Criminal Defense Counsel, and in the Memorandum in Support of the pending Motion to Stay (EFC No. 34), the

---

[2] Defendants Kirkman, Swinehamer, and Gibson, through their attorney, consulted by email to Attorney Bax of September 4, 2020, subsequent email and requests for conference and engaged in a phone conference with Attorney Bax on September 22, 2020 on obtaining consent to a Motion to Stay. On September 22, 2020, he declined to consent or to consider a partial stay. Counsel for Defendant agreed to complete discovery responses prior to filing the Motion to Stay, did so on September 28, 2020 and thereafter, filed the Motion for Stay.

[3] Affidavit of Counsel Scott with Exhibits A-H, was filed in support of Defendants' Opposition to Motion to Exclude Expert and was drafted to also to support the Motion to Stay. (see, EFC No. 32-1 through 32-8).

parallel criminal investigation prohibits these named Defendants' meaningful participation in the civil suit and any forced participation severely damages their Constitutional rights and protections in the criminal matter.

Based upon the issues in this matter and the pending motions for resolution of various Motions outlined herein, Defendants, respectfully submit that an enlargement of time to allow resolution of the Motion to Stay and the setting of a Scheduling Order mandated by the issues permitted is mandated by the interests of justice. To defeat Plaintiff's pending Motion, Defendants would like opportunity to depose Plaintiffs, Plaintiff's medical providers and Plaintiff's expert, understandably denied while the Defense took the position that they could not sit for deposition under advice of criminal counsel. Further, Defendants would rely on their Expert Witnesses proffered testimony, made subject of a pending Motion to Exclude. Additionally, Defendants would like opportunity to file their Affidavits in opposition to the Motion following the Court's decision on the Motion to Stay and the passing of any resulting stay made in the interests of justice and fundamental fairness.

Based upon the foregoing, the Defendants would request an enlargement of time to file their reply to Plaintiff's Motion for Partial Summary Judgment of the greater of 20 days beyond the publishing of the Court's decision on the pending Motion to Stay or within such time as set by the Court upon its resolution of consideration of necessary amendment of the Scheduling Order made part of that motion.

Respectfully submitted,

LAW OFFICES OF CHRISTY L. SCOTT, LLC

By: s/Christy L. Scott
Christy L. Scott, Fed. I.D. No. 6215
Post Office Box 1515, 108 Carn Street
Walterboro, South Carolina 29488
(843) 782-4359
Email: cscott@lawofficeofchristyscott.com

ATTORNEY FOR DEFENDANTS

October 9, 2020
Walterboro, South Carolina

Doc #661