IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Ted D. Ellis and Teresa Ellis, ) | C/A No.: 9:19-cv-02163-RMG-MGB |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| Cody C. Kirkman, Individually; ) | |
| Amber Swinehammer, ) | |
| Individually; Lindsey Gibson, ) | |
| Individually; Cody C. Kirkman, ) | |
| Amber Swinehammer, and ) | |
| Lindsey Gibson, as Agents/ ) | |
| Officers of Town of Bluffton ) | |
| Police Department; and Town of ) | |
| Bluffton Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## AFFIDAVIT OF TAMIKA D. SIMMONS

PERSONALLY, appeared before me Tamika D. Simmons who, being first duly sworn, on oath, says:

1. I am Tamika D. Simmons, Lead Paralegal to Attorney Christy L. Scott of the Law Offices of Christy L. Scott, LLC. I have been employed by the firm since December 28, 2016. This firm is a residual of the Law Firm of Bogoslow and Jones where Ms. Scott was a partner. I worked with Ms. Scott at that firm for almost 8 years and have around 13 years as a paralegal.

2. I give this Affidavit under oath and under penalty of perjury as a true and accurate statement of my knowledge regarding our firm's handling of this matter.

3. Counsel of Record participated in a hearing before Magistrate Judge Mary Gordon Baker on Wednesday, October 7, 2020.

4. I was informed by Attorney Scott that Mr. Bax informed the Court that I had initiated a call from the firm to their office on September 8, 2020. I would like to clear up any confusion on that issue.

5. Due to the fact that I have a special needs son that has fragile health conditions and requires 24-hour care, I have been working remotely fulltime from home since mid-April. The calls placed to the firm were initially routed, when needed, to the cell phone of former employee Ms. Rose and within the last month, calls placed to the firm were occasionally forwarded to a business cellphone number (843) 584-2679 provided to me by the firm when the in-office staff were unavailable at the office.

6. On Friday, September 4, 2020 and Tuesday, September 8, 2020 calls were not routed from the office as office staff was in and available. Any call placed from the office line numbers of (843)782-4359, 4360 or 4361 would have been made by persons in the office and not by me. Any call placed to the office on those dates would have been answered by those in the office and not me. Any call I made would be from the cell phone provided by the firm.

7. I may be able to provide some clarification of discovery issues in the case. Attached as **Exhibit A**, is the Affidavit of Services wherein our firm served Interrogatories and Requests for Production Requests upon Plaintiff's counsel Arie Bax on February 21, 2020.

8. Thereafter, Mr. Bax's paralegal and I engaged in several conversations wherein I was requesting Plaintiffs' Answers to Defendants' Interrogatories and Requests

for Production. During these conversations what was later discovered to be a misunderstanding took place. Mr. Bax's paralegal stated multiple times that "discovery responses" of Plaintiffs had been previously forwarded to our former paralegal Ms. Rose on multiple occasions. It turns out she did not mean discovery answers but merely exhibits to the expert designation.

9. From her statements that "discovery responses" of Plaintiffs were sent, it was my understanding that answers to our specific interrogatory and request for production requests had been previously sent to a former paralegal of our office via U.S. Mail and emails on multiple occasions; however, we were unable to locate the documents. Ms. Rose applied in January 2020 with a four-year criminal justice degree from USC and paralegal certification but her first employment was with our firm. She later suffered pregnancy complications that caused her to be out occasionally and then she resigned on September 1. I apologized to Mr. Bax's paralegal for any inconvenience and informed her that the documents were being requested again as the former paralegal was no longer employed by the firm.

10. The confusion deepened when we finally received Plaintiffs' discovery responses scanned into the case management system on August 13, 2020, with dates on the document as being signed on July 23, 2020. Those responses contained many references that led to confusion. In Requests to Produce responses of Ted Ellis question numbers 2 and 3, the response was "these exhibits were previously submitted on April 28th" and question number 5 said "these exhibits were previously submitted on April 27th." These responses were repeated throughout various sections of Ted and Teresa Ellis discovery responses. Again, we could find no prior discovery responses of Plaintiff and

staff called to attempt to get copies of what they were referring to on April 27 and 28, 2020.

11.   Ms. Scott finally reached Bax by phone and advised me that Mr. Bax cleared up the confusion when he advised his paralegal was mistakenly referring to their mailing of body and car cam footage as part of the expert disclosure as "discovery responses" and the responses were not, in fact, drafted until late July. Thus, what his paralegal was responding to was actually an exhibit to their Expert Designation.

12.   With regards to discovery requests to Defendants that were supposedly sent in April, from review of all systems, I have not been able to establish that we ever received any in April. From a review of the firm's Mail Log, it does not show receipt of any discovery requests in April. The standard practice of mailing or emailing them to the client for their input was not completed which also indicates they were not received. The client billing for the month of April does not document the receipt or processing of any discovery requests. The deadlines list that I maintain does not establish that they ever came in. We do not know how this happened and have stated to Mr. Bax office that it may very well be that it was a mistake on our end.

13.   Once the firm shifted to 8 weeks of remote working for all staff in early April, there may have been some issues with our processes. Employee Destiny Rose was collecting mail and printing office emails, was coming to the office to scan and associate same to the case management system and was to forward documents to me as lead paralegal for calendaring and instruction and to the lead attorney on the file for response. We know that none of those things were accomplished on this file in April leading us to believe either we did not receive them, or this employee misplaced them prior to these

normal procedures taking place.

14. The matter of Plaintiffs having sent discovery was not brought to my attention until around mid-August when Plaintiffs forwarded their responses to Defendants' February 21, 2020 discovery requests and inquired about our responses. When no discovery requests were found, we requested the same and received copies by email on Friday, August 21, 2020. That email is attached as **Exhibit B**.

15. The file reflects Ms. Scott sent specific questions to each named Defendant on August 21, 2020 asking for their input. Attached **as Exhibit C** is a file copy of the content of letters sent.

16. Our office was contacted by Mr. Bax's office regarding receipt of our discovery and upon consultation with Ms. Scott, I advised that we would try to respond by September 25, 2020.

17. On Tuesday, September 15, 2020, attorney Charlotte Hickman of our office was notified that persons she attended a family funeral with the week prior had contracted COVID-19. She left the office and was tested that day working remotely until she developed symptoms later that week. On Monday, September 21, 2020, before work, I received a call from Ms. Hickman advising that she had tested positive for COVID and that all employees were to be tested, follow quarantining, and that the office to be cleaned. I advised Ms. Scott by phone who arranged all in office staff to be tested that Monday. We were closed for cleaning and receipt of test results opening again for all employees who tested negative on Thursday, September 24, 2020. As I had been only working remotely, I did not have to get tested.

Doc #301

18. Attached as **Exhibit D** is my September 25, 2020 email to Mr. Bax forwarding Ms. Scott's message:

> "Arie, I have been working on the discovery but have not finished. We are half staffed due to the fact that we have employees out with COVID and employees working remotely. I will finish the written responses this weekend so that they can scan and bate stamp the documents for production on Monday." Christy

19. Discovery responses were completed and mailed and emailed on Monday, September 28, 2020. The mailing address was that on our mailing matrix as follows:

> Arie D. Bax
> Bax Law Firm
> 2 Merchants Lane, Ste. 210
> Beaufort, SC 29907

20. Ms. Scott notified me on Friday, October 9, 2020, that she had confirmed through a call to Attorney Bax made after he notified the Court that he did not get a part of discovery that he had recently relocated offices. I cannot find any email or mailing advising of the new mailing address but we have since changed the mailing matrix and resent the discovery last Friday.

21. Today, Ms. Scott again asked me to look for any indication that we were indeed served with discovery in April and I did find an unopened email to employee Destiny Rose demonstrating an Affidavit of Service and copy of April 8, 2020 interrogatories and requests for production. These were not viewable from either my or Ms. Scott's email and I have been instructed to speak with the computer engineer on retainer to discover why.

Tamika D. Simmons

SWORN TO BEFORE ME THIS
__13__ day of October 2020

_____ (L.S.)
Notary Public for South Carolina
My Commission Expires: __8/19/2030__

Doc #301