## IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | | |
|---|---|---|
| Ted D. Ellis and Teresa Ellis, | ) | Civil Action No. 9:19-cv-2163-RMG-MGB |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Cody C. Kirkman, Individually; Amber | ) | |
| Swinehammer, Individually; Lindsey | ) | |
| Gibson, Individually; Cody C. Kirkman, | ) | |
| Amber Swinehammer, and Lindsey | ) | |
| Gibson, as Agents/Officers of Town of | ) | |
| Bluffton Police Department; and Town of | ) | |
| Bluffton Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs filed this action alleging violations of 42 U.S.C. § 1983, negligence, gross negligence, negligent training and supervision, loss of consortium, assault, and intentional infliction of emotional distress. (Dkt. No. 1.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(f), D.S.C., all pretrial proceedings in civil rights cases arising out of criminal processes not covered by Local Rule 73.02(B)(2)(d), D.S.C., are referred to a United States Magistrate Judge for consideration. Currently before the Court are several motions: Plaintiffs' Motion to Exclude Defendants' Expert (Dkt. No. 27), Plaintiffs' Partial Motion for Summary Judgment (Dkt. No. 29), Defendants' Motion to Stay (Dkt. No. 33), and Defendants' Motion for Extension of Time to Respond to Plaintiffs' Partial Motion for Summary Judgement (Dkt. No. 40). The undersigned held a hearing on October 7, 2020 to discuss Plaintiffs' Motion to Exclude Defendants' Expert (Dkt. No. 27) and Defendants' Motion to Stay (Dkt. No.

33). (Dkt. No. 39.) The hearing was continued to October 14, 2020. (*Id*.)[1]  During the October 14, 2020 hearing, the undersigned granted Defendants' Motion to Stay (Dkt. No. 33) and denied Plaintiffs' Motion to Exclude Defendants' Expert (Dkt. No. 27) without prejudice and with leave to refile after the stay. Because the case will be stayed for a period of 90 days, the undersigned recommends that Plaintiffs' Partial Motion for Summary Judgment (Dkt. No. 29) be denied without prejudice and with leave to refile after the stay, and that Defendants' Motion for Extension of Time to Respond to Plaintiffs' Partial Motion for Summary Judgement (Dkt. No. 40) therefore be denied as moot.

This action arises from a traffic stop conducted by Defendant Cody Kirkman ("Officer Kirkman") in August 2017. (Dkt. No. 1.) Upon pulling over Plaintiff Ted Ellis ("Mr. Ellis"), Officer Kirkman discovered that Mr. Ellis had a suspended license and arrested him. (Dkt. No. 36 at 2–3.) Plaintiffs assert that Officer Kirkman insisted on performing multiple searches of Mr. Ellis's person before placing him in the police car. (*Id*. at 3.) Plaintiffs allege that Mr. Ellis continually requested to be placed in the police car, causing Officer Kirkman to become frustrated and knock Mr. Ellis to the ground. (*Id*.) Plaintiffs state that "Mr. Ellis fell face-first onto the asphalt of the [roadway], impacting the side of the police vehicle on the way down, suffering immediate sever[e] traumatic injury to his teeth, jaw, and cranium." (*Id*.) Plaintiffs further assert that Officer Kirkman kept Mr. Ellis pinned to the ground with his knee, and that Defendant Lindsey Gibson assisted Officer Kirkman in restraining Mr. Ellis by holding his legs and feet. (*Id*.) Plaintiff claims that Defendant Amber Swinehammer "was present and recording the events that occurred, but

---

[1] Defendant Cody Kirkman's criminal attorney and Defendant Lindsey Gibson's criminal attorney attended the October 14, 2020 telephonic hearing. They confirmed that the U.S. Attorney's Office is conducting a criminal investigation of the incident giving rise to this civil action.

failed to render aid to Ellis" and that she "made several attempts to physically cover the lens of her body camera." (*Id*. at 3–4.) The entire encounter was captured on videotape. (*Id*. at 4.)

On September 30, 2020, Defendants filed a Motion to Stay (Dkt. No. 33) all activity in this case for a period of 90 days due to "an on-going and parallel criminal investigation into the events which form the basis of the causes of action put forth by Plaintiffs in their Complaint." (Dkt. No. 34 at 1.) Defendants explain that "the on-going criminal investigation by federal authorities profoundly limits their ability to properly participate in the litigation" because "they cannot participate in the litigation of the instant case and simultaneously safeguard [their Fifth Amendment right against self-incrimination]." (*Id*. at 2.)

This Court's power to stay its proceedings is well established. *See Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* Still, "American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceedings in the face of criminal proceedings." *Ashworth v. Albers Med., Inc*., 229 F.R.D. 527, 530 (S.D.W.Va. 2005). Thus, "a stay of civil proceedings may only be appropriate when the pending civil and criminal proceedings involve substantially similar issues." *Reeves v. Town of Cottageville*, No. 2:12-CV-02765-DCN, 2013 WL 1566635, at *2 (D.S.C. Apr. 12, 2013) (citing *Ashworth*, 229 F.R.D. at 531).

Here, the pending civil and potential criminal proceedings involve identical issues. (Dkt. No. 34 at 5.) The Federal Bureau of Investigation ("FBI") sent a letter to Chief Christopher Chapmond of the Bluffton Police Department informing him that the FBI was commencing an

3

investigation of Officer Kirkman's use of force during Mr. Ellis's arrest. (Dkt. No. 32-2.) Because this civil action is a direct result of Officer Kirkman's use of force, the proceedings clearly overlap, and a stay may be appropriate. To determine if a stay is necessary, the Court considers several additional factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Reeves*, 2013 WL 1566635, at *2 (quoting *Ashworth*, 229 F.R.D. at 530).

First, Plaintiffs argue that a stay is inappropriate because they will be significantly prejudiced by the 90-day delay. (Dkt. No. 36 at 1.) Though the Court recognizes Plaintiffs' interest in resolving this case in a timely manner, the Court also notes that this action has been pending in federal court for just over one year. (Dkt. No. 1.) As such, the Court does not consider a 90-day stay highly prejudicial to Plaintiffs.

Plaintiffs further contend that a stay is inappropriate because Defendants have not been indicted. (Dkt. No. 36 at 5–6.) Plaintiffs argue that the federal government may not make its decision about whether to pursue charges within 90 days and that "the possibility of charges could linger forever" because there is no statute of limitations for criminal offenses in South Carolina. (*Id.* at 6.) However, the U.S. Attorney's Office has indicated that it expects to make a prosecutorial decision in late 2020 or early 2021. (Dkt. No. 32-6.) In addition, "federal authorities have advised that they cannot exclude officers Gibson or Swinehammer from being the subject of potential criminal charges," and communications from the FBI and the U.S. Attorney's Office confirm that the federal criminal investigation is on-going. (Dkt. No. 32-2; Dkt. No. 32-5, Dkt. No. 32-6.)

Accordingly, Defendants face the threat of prosecution and a 90-day stay would be appropriate. *See Reeves*, 2013 WL 1566635, at *2 (citing *Ashworth*, 229 F.R.D. at 531; *Harbour Town Yacht Club Boat Slip Owners Ass'n v. Safe Berth Mgmt., Inc.,* 411 F.Supp.2d 641, 643 (D.S.C. 2005); *United States v. Any & All Assets of That Certain Bus. Known as Shane Co.,* 147 F.R.D. 99, 101 (M.D.N.C.1992)) ("While a party need not be formally indicted to exercise the privilege against self-incrimination, the likelihood of a potential forthcoming indictment may affect the court's decision on whether to grant the stay . . . ."); *see also Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (noting that it is possible to obtain a stay without an indictment if the Government is conducting an active parallel criminal investigation).

Next, continuing with this civil proceeding puts a significant burden on Defendants. The parties have indicated that they have exchanged written discovery and that they are at the deposition stage of this litigation. (Dkt. No. 34 at 14.) Dispositive motions are due by October 21, 2020. (Dkt. No. 24.) Officer Kirkman's criminal attorney has advised him not to provide additional statements or sit for a deposition in any matter related to the incident under investigation. (Dkt. No. 32-6.) Given that the remaining Defendants have joined the instant Motion to Stay, they will likely take the same approach if this litigation continues. (Dkt. No. 34 at 1.) As such, "Defendants cannot proceed without being forced to abandon their fifth amendment privilege." (Dkt. No. 34 at 14.) More specifically, Defendants' counsel noted during the October 7, 2020 hearing that Defendants cannot adequately respond to Plaintiffs' Partial Motion for Summary Judgment without waiving their Fifth Amendment rights. During the October 14, 2020 hearing, Defendants' counsel explained that Defendants will be forced to choose between protecting themselves criminally and protecting themselves economically if this litigation is not stayed. The Court agrees.

The Court also notes that it could face a litany of privilege issues moving forward because of Defendants' limited ability to present their defense without jeopardizing their Fifth Amendment rights. Thus, it is in the Court's interest to stay the case.

As for the interests of the public, Plaintiffs assert that "[i]n the time of increasing news of police brutality and conduct, the public as a whole deserves these cases to be efficiently adjudicated." (Dkt. No. 36 at 6.) While the Court recognizes that the public has an interest in this case being efficiently resolved, the public also has an interest in Defendants being held criminally liable for their actions if the federal government determines that a criminal proceeding is warranted.

Considering all the factors, the Court finds that a 90-day stay of this civil proceeding is necessary to protect Defendants' Fifth Amendment rights while the federal government completes its investigation and makes a prosecutorial decision.

## CONCLUSION

For the foregoing reasons, the Court **grants** Defendants' Motion to Stay (Dkt. No. 33) and **orders** that this case be stayed for a period of 90 days. Throughout the stay, the parties are **ordered** to file status reports updating the Court on the criminal proceedings. The first status report shall be due on November 13, 2020 and subsequent status reports shall be due every 30 days thereafter. A new scheduling order shall be entered after the stay.

The Court **orders** that Plaintiffs' Motion to Exclude Defendants' Expert (Dkt. No. 27) **be denied without prejudice and with leave to refile** and **recommends** that Plaintiffs' Partial Motion for Summary Judgment (Dkt. No. 29) also **be denied without prejudice and with leave to refile**. The Court further **recommends** that Defendants' Motion for Extension of Time to Respond to Plaintiffs' Partial Motion for Summary Judgement (Dkt. No. 40) **be denied as moot**.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 16, 2020
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).