IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Ted D. Ellis and Teresa Ellis,           )<br>                                                        )<br>           Plaintiffs,                            )<br>                                                        )<br>               v.                                       )<br>Cody C. Kirkman, Individually;        )<br>Amber Swinehammer,                      )<br>Individually; Lindsey Gibson,          )<br>Individually; Cody C. Kirkman,       )<br>Amber Swinehammer, and              )<br>Lindsey Gibson, as Agents/             )<br>Officers of Town of Bluffton            )<br>Police Department; and Town of    )<br>Bluffton Police Department,            )<br>                                                        )<br>           Defendants.                        )<br>_____)  | C/A No.:  9:19-cv-2163-RMG |

TO:    Arie Bax, Attorney for Plaintiffs

_____

**DEFENDANTS' MOTION TO EXTEND STAY OF
ALL ACTIVITY IN THE INSTANT MATTER
FOR NO LESS THAN 90 DAYS**
_____

Defendant Cody C. Kirkman, with the joinder of remaining Defendants, by and through his undersigned counsel, respectfully moves this Court, in accordance with the provisions of Federal Rules of Civil Procedure Rule 26(b), for a 90-day enlargement of the existing stay by Order and Opinion filed November 10, 2020, (EFC no. 47), and Order and Report and Recommendation filed October 16, 2020, (EFC no. 44), of all activity in the instant matter for a period of no less than 90 days.  Officer Kirkman so moves in light of an on-going and parallel criminal investigation into the events which form the basis of the causes of action put forth by Plaintiffs in their Complaint.  The remaining named

Doc #872

Defendants join this Motion. The ongoing criminal investigation by federal authorities severely limits the officers' ability to properly participate in the litigation of the civil matter. Since entry of these Orders of the Court, Defendants have complied with the monthly reporting requirements regarding the status of the criminal investigation. (*See*, EFC filings number 48, filed November 12, 2020; number 49, filed December 11, 2020; and number 50, filed January 13, 2021). The content of each of these reports is incorporated herein into the issues supporting the reasonableness of this requested ninety (90) day enlargement.

By way of summary, on January 13, 2021, the undersigned counsel engaged in status conferences with AUSA Ben Garner and FBI Special Agent George French, each assigned to the Criminal Investigation. Through these conversations, it was confirmed that the investigation is still on-going and that no prosecutorial decision has yet been made in the matter. In discussing the upcoming terminus of the existing stay order, AUSA Garner advised that in the last few months, lead attorney USA Kyle Boyton underwent surgery, has just returned to work on a reduced hour basis and due to his current health related and COVID delays, AUSA Garner felt an additional three-month period to make a prosecutorial decision would be reasonable. AUSA Garner assured counsel that the decision would be made within that expanded time frame. Thus, to date, the reasons set forth in Defendant's filings in support of the Order to Stay and the Court's findings in that regard remain unchanged.

This extension of the stay is needed to safeguard the officers' rights against self-incrimination secured by the Fifth Amendment of the United States Constitution. As demonstrated in the previously filed Affidavit of undersigned Civil Defense Counsel Scott

with relevant Exhibits thereto, to include letters of the Investigating Authority and letters of the Officer Kirkman's Criminal defense counsel, (EFC no. 32-1 through 32-8), in the previously filed Memorandum in Support, (EFC no. 34), and arguments and authority offered at the hearing on the previous motion, the parallel criminal investigation prohibits these named Defendants' meaningful participation in the civil suit and any forced participation severely damages their Constitutional rights and protections in the criminal matter.

As such, Officer Kirkman, joined by the remaining Defendants, respectfully submits that the on-going, parallel criminal investigation by federal authorities profoundly limits their ability to properly participate in the litigation of the instant matter and this brief ninety (90) day enlargement to the existing stay is mandated by the interests of justice.

Respectfully submitted.

LAW OFFICES OF CHRISTY L. SCOTT, LLC

By:     s/Christy L. Scott_____
Christy L. Scott, Federal ID No. 6215
Post Office Box 1515, 108 Carn Street
Walterboro, SC  29488
(843) 782-4359

ATTORNEY FOR DEFENDANTS
Cody C. Kirkman, Individually and as an Officer of Town of Bluffton Police Department; Amber Swinehamer, (mistakenly spelled Swinehammer), Individually and as an Officer of Town of Bluffton Police Department; Lindsey Gibson, sued individually and as a former police officer of the Bluffton Police Department, and the Town of Bluffton Police Department

January 13, 2021

Walterboro, South Carolina

Certification of Consultation

Although this Motion is exempted from the consultation requirements of Paragraph 3 of the Scheduling Order and Local Rule 7.02 (D.S.C.), prior to filing this Motion, Defendants engaged in consultation with opposing Counsel by telephone consultation on January 13, 2021, but Plaintiff is unable to consent to same.

                        By:    s/Christy L. Scott_____
                                        Christy L. Scott, Federal ID No. 6215