IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ted D. Ellis and Teresa Ellis, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C/A No.: 9:19-cv-2163-RMG-MGB |
| | ) | |
| Cody C. Kirkman, individually; Amber Swinehammer, individually; Lindsey Gibson, individually; Cody C. Kirkman, Amber Swinehammer, and Lindsey Gibson, as agents/officers of Town of Bluffton Police Department; and Town Of Bluffton Police Department | ) ) ) ) ) ) ) | OBJECTION TO DEFENDANTS MOTION TO EXTEND STAY |
| | ) | |
| Defendants. | ) | |
| _____ _____ | ) | |

COMES NOW Plaintiffs, Ted and Teresa Ellis, who object to Defendants' Motion and request for a stay of this litigation. For the reasons explained below, an extension of a stay that stops this case from moving forward is not warranted, and Plaintiffs would suffer great prejudice from such a delay.

The Bluffton Police Department received a letter notifying them that the FBI was investigating this incident for criminal violations of Federal Civil Rights statutes approximately ten (10) months after Plaintiffs filed this action. This investigation was never intended or meant to be used as a shield by the Defendants against Mr. Ellis and his wife's civil case.

**DEFENDANTS' REQUEST FOR A STAY OF THIS CASE SHOULD BE DENIED.**

Once again, Plaintiffs' do not dispute that the individual Defendants Kirkman, Swinehammer, and Gibson have the right to assert the Fifth Amendment and refuse to answer questions in this proceeding. These Defendants have had that right from the moment this incident occurred in 2017. In fact, their Fifth Amendment rights have been protected even further by the FBI pursuant to *Garrity*, which requires any statements made by the officers during their departments internal use of force review be redacted and not looked at by the investigating agents.

This court has previously denied such stays in similar matters. As discussed in the hearing regarding Defendants' initial request for a 90 day stay, the *Reeves v. Cottageville* court considered and balanced several factors in denying the Motion to Stay. In that case, Defendants were granted an initial 90 day stay. However, their subsequent request was denied. That case is directly on point for this matter. "Although the Fourth Circuit has not adopted an explicit set of factors to consider when determining whether to implement a stay, at least one court within the circuit has applied a five-factor test adopted by a variety of courts across the country. In Ashworth, the court applied the following factors when determining whether to grant a motion to stay: (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay, (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. Id. at 530. While a party need not be formally indicted to exercise the privilege against self-incrimination, the likelihood of a potential forthcoming

indictment may affect the court's decision on whether to grant the stay or on the duration of the stay. See id. at 531; *Harbour Town*, 411 F. Supp. 2d at 643; Shane Co., 147 F.R.D. at 101.  Additionally, stays generally are not granted before an indictment has issued." In the present case, no indictments have been issued against the Defendants.

Plaintiffs filed this case in August 2019.  The FBI did not begin to investigate this matter until June 2020.  These cases have an accelerated statute of limitations, 2 years as opposed to 3 ostensibly for these cases to be resolved in a timely matter.  Yet, this litigation is being stayed without the benefit of continuing discovery to benefit officers accused of wrongdoing while Plaintiffs continue to suffer in silence.

There is no indication that another stay will be enough for the federal government to decide if they are going to pursue charges.  While AUSA Garner acknowledged in his conversation with Plaintiffs' counsel, that his colleague and other assigned counsel from main Justice would be back at work within the next 3 months, he could not say with any certainty whether a decision on whether to prosecute would be forthcoming within that time.

Plaintiffs would reiterate the possibility of charges can linger forever.  And as there is no statute of limitations for criminal offenses in South Carolina and the Defendants' actions are caught on video, there is no guarantee that any stay will resolve the Defendant's predicament of asserting their Fifth Amendment rights.  The Plaintiffs should not be made to wait any longer than they already have to get justice.  It is fundamentally unfair that Plaintiffs have to wait to move forward with his case while law enforcement decides whether they are going to prosecute one of their own.  There is no statute or case law that asserts that a defendant's rights in a civil or criminal matter outweigh those of the

Plaintiff.  "The court certainly has an interest in managing its case load efficiently, just as the parties have an interest in having this case litigated in an efficient manner." *Reeves v. Town of Cottageville* (D. S.C. 2013).   "A stay in this type of case is often relatively indefinite, because there is no way to predict when the criminal investigation would end. One court has concluded that this uncertainty weighs against a stay: "[I]t is unrealistic to postpone indefinitely the pending action until criminal charges are brought or the statute of limitations has run for all crimes conceivably committed by [the defendants]." *Walsh Securities v. Cristo Property Management*, 7 F.Supp.2d 523 (D. N.J. 1998)

Plaintiff do not need to remind the court that the public as a whole deserves these cases to be efficiently adjudicated as current events have taught us that criminal prosecutions have not been the avenue that most victims and the affected families have achieved justice.  They have only achieved justice in most cases through the civil process.  The Defendants are asking the court to deny Plaintiffs' their right to an efficient avenue of what may be the only measure of justice that they receive.  Defendants are not prejudiced by the fact that they may choose to assert their Fifth Amendment privilege, that is their choice.  However, that is no reason to stay this matter indefinitely or for any time at this point in the litigation.  Unlike in *Reeves*, this case does affect the public interest.

This matter is distinguishable from *Walsh Securities* that has been relied on by Defendants' Counsel. In that matter there were several Defendants that had filed cross complaints against each other.  The court had to consider how that would affect their disclosure of information and the fact that they may inadvertently reveal their defense strategies to their co-Defendants.  That is not the case here.  Also, unlike *Walsh* where there had been search warrants executed and other parts of the criminal process had

begun, there have been no search warrants served or executed. In this matter, the federal agents have only begun their inquiry into possible charges.

**CONCLUSION**

Multiple cases cite to the fact that a stay is an extraordinary remedy reserved for only the most extraordinary of cases. In weighing the factors that have been indicated by this court, this case is not one of those cases. As such, Defendants' Motion to Stay should be denied.

January 27, 2021

 s/ Arie D. Bax
FEDERAL ID #: 10340
The Bax Law Firm
10 Sams Point Way  Ste B-1 PMB 138
Beaufort, SC 29907
Phone: (843) 522-0980 Fax: (843) 379-3115
ATTORNEY FOR THE PLAINTIFFS