IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Ted D. Ellis and Teresa Ellis, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> Cody C. Kirkman, Individually; ) <br> Amber Swinehammer, ) <br> Individually; Lindsey Gibson, ) <br> Individually; Cody C. Kirkman, ) <br> Amber Swinehammer, and ) <br> Lindsey Gibson, as Agents/ ) <br> Officers of Town of Bluffton ) <br> Police Department; and Town of ) <br> Bluffton Police Department, ) <br> ) <br> Defendants. ) <br> _____) | C/A No.: 9:19-cv-02163-RMG-MGB |

TO:   Arie Bax, Attorney for Plaintiffs;

_____

**DEFENDANTS' MOTION TO EXTEND STAY OF
ALL ACTIVITY IN THE INSTANT MATTER
FOR NO LESS THAN 90 DAYS**

_____

Defendant Cody C. Kirkman, with the joinder of remaining Defendants, by and through his undersigned counsel, respectfully moves this Court, in accordance with the provisions of Federal Rules of Civil Procedure Rule 26(b), for a 90-day enlargement of the existing stay by Order of United States District Court Judge Richard Mark Gergel filed January 28, 2021, (EFC No. 53)[1] of all activity in the instant matter for a period of no less than 90 days. Officer Kirkman so moves considering an on-going and parallel criminal

---

[1] Extending original Order filed November 10, 2020, (ECF No. 47), adopting Report and Recommendation filed October 16, 2020, (ECF No. 44).

investigation into the events which form the basis of the causes of action put forth by Plaintiffs in their Complaint. The remaining named Defendants join this Motion. The ongoing criminal investigation by federal authorities severely limits the officers' ability to properly participate in the litigation of the civil matter. Since entry of the Orders of the Court, Defendants have complied with the monthly reporting requirements regarding the status of the criminal investigation.[2] The content of each of these reports is incorporated herein into the issues supporting the reasonableness of this requested ninety (90) day enlargement.

By way of summary, undersigned Counsel has engaged in monthly conversations with Assistant United States Attorney Ben Garner of Columbia and/or Assistant United States Attorney Kyle Boyton out of the Washington, D.C. office and FBI Special Agent George French, assigned to the Criminal Investigation. On April 19, 2021, counsel spoke with AUSA Kyle Boyton and FBI Agent French and on April 20, 2021, counsel received a return call from AUSA Ben Garner. Through these conversations in discussing the upcoming terminus of the existing stay Order, it was confirmed that the investigation is still on-going, and, in concert, they advised that while no prosecutorial decision had yet been made in the matter, they expected same over the next two to three months. Counsel was advised that lead attorney AUSA Kyle Boyton has returned to work following surgery, that two significant records requests were still outstanding and that recommendations were being considered. Due to the change in administration and health and COVID related delays, AUSA Garner and AUSA Boyton felt an additional three-month period to

---

[2] *See*, ECF filings number 48, filed November 12, 2020; number 49, filed December 11, 2020; number 50, filed January 13, 2021, number 54, filed February 16, 2021; number 55, filed March 17, 2021; and number 56, filed April 20, 2021.

make a prosecutorial decision would be reasonable. Thus, to date, the reasons set forth in Defendants' filings in support of the Order to Stay and the Court's findings in that regard remain unchanged.

This extension of the stay is needed to safeguard the officers' rights against self-incrimination secured by the Fifth Amendment of the United States Constitution. As demonstrated in the previously filed Affidavit of undersigned Civil Defense Counsel Scott with relevant Exhibits thereto, to include letters of the Investigating Authority and letters of the Officer Kirkman's criminal defense counsel, (ECF No. 32-1 through 32-8), in the previously filed Memorandum in Support, (ECF No. 34), and arguments and authority offered at the hearing on the previous motion, the parallel criminal investigation prohibits these named Defendants' meaningful participation in the civil suit and any forced participation severely damages their Constitutional rights and protections in the criminal matter.

As such, Officer Kirkman, joined by the remaining Defendants, also advised they may be subject to charges, respectfully submit that the on-going, parallel criminal investigation by federal authorities profoundly limits their ability to properly participate in the litigation of the instant matter and this brief ninety (90) day enlargement to the existing stay is mandated by the interests of justice.

Respectfully submitted.

LAW OFFICES OF CHRISTY L. SCOTT, LLC

By:   s/Christy L. Scott_____
Christy L. Scott, Federal ID No. 6215
Post Office Box 1515, 108 Carn Street
Walterboro, SC  29488
(843) 782-4359

ATTORNEY FOR DEFENDANTS
Cody C. Kirkman, Individually and as an Officer of Town of Bluffton Police Department; Amber Swinehamer, (mistakenly spelled Swinehammer), Individually and as an Officer of Town of Bluffton Police Department; Lindsey Gibson, sued individually and as a former police officer of the Bluffton Police Department, and the Town of Bluffton Police Department

April 28, 2021

Walterboro, South Carolina

Certification of Consultation

Although this Motion is exempted from the consultation requirements of Paragraph 3 of the Scheduling Order and Local Rule 7.02 (D.S.C.), Defendants engaged in consultation with opposing Counsel by telephone consultation on January 13, 2021, and, on behalf of his clients, Counsel Bax advised that he is unable to consent to any enlargements of the stay on behalf of his client.

By:   s/Christy L. Scott_____
Christy L. Scott, Federal ID No. 6215