IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Ted D. Ellis and Teresa Ellis, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> Cody C. Kirkman, Individually; ) <br> Amber Swinehammer, ) <br> Individually; Lindsey Gibson, ) <br> Individually; Cody C. Kirkman, ) <br> Amber Swinehammer, and ) <br> Lindsey Gibson, as Agents/ ) <br> Officers of Town of Bluffton ) <br> Police Department; and Town of ) <br> Bluffton Police Department, ) <br> ) <br> Defendants. ) <br> _____) | C/A No.: 9:19-cv-02163-RMG-MGB |

TO:     Arie Bax, Attorney for Plaintiffs;

_____

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT**

_____

NOW COME the above-named Defendants, through their undersigned counsel, who respectfully submit this Response in Opposition to Plaintiffs; Motion to Alter or Amend this Court's Order granting Defendants' renewed Motion to Stay. The Defendants' opposition is based up the reasons set forth herein and respectfully request this Court deny Plaintiffs' Motion.

1

Doc # 965

## I. PROCEDURAL HISTORY AND BACKGROUND FACTS

On May 3, 2021, this court issued an Order granting Defendants' motion to extend the existing stay of all activity in the instant matter for 90 days[1] for "good cause shown and in the interests of justice."[2] Thereafter, on May 13, 2021, Plaintiffs filed a Motion to Alter or Amend Judgment Pursuant to Rules 59(e) and 60, FRCP.[3] Defendants first filed for a Motion to Stay on September 30, 2020,[4] upon the discovery of an on-going and parallel federal investigation and the consideration of bringing federal criminal charges against the individually named Defendants. On October 16, 2020, after mutual filings of briefs and extensive oral arguments, the Honorable Magistrate Judge Mary Gordon Baker entered a Report and Recommendation granting Defendants' Motion to Stay and ordering Defendants to file monthly status reports updating the Court on the criminal proceedings.[5] Plaintiffs made no objections to the Magistrate's Report and Recommendation. To date, Defendants have strictly complied with the Magistrate's Orders and have provided thorough updates monthly.[6] The content of each of these reports is incorporated herein into the issues supporting the reasonableness of Defendants requested ninety (90) day enlargement. The Honorable Judge Richard M. Gergel adopted the Report and Recommendation on November 11, 2020, granting Defendants' Motion to Stay.[7] Upon

---

[1] ECF No. 57.
[2] ECF No. 58.
[3] ECF No. 59. While Plaintiffs allege a violation by the Court of Plaintiffs' rights to respond, upon filing, the federal docket automatically generates a response time. The Court can, and in this case did, enter a text order on the matter. Plaintiffs' remedy to any perceived injustice is a Motion for Reconsideration, as filed here.
[4] ECF. No. 33.
[5] ECF No. 44.
[6] *See*, EFC filings number 48, filed November 12, 2020; number 49, filed December 11, 2020; number 50, filed January 13, 2021; number 54, filed February 16, 2021; number 55, filed March 17, 2021; and number 56, filed April 20, 2021.
[7] ECF No. 47.

Doc # 965

the impending expiration of the stay, the continuing parallel criminal investigation, and no indication of whether or not charges would be brought against the individual Defendants, Defendants filed a Motion to Extend the Stay.[8] The Honorable Judge Gergel granted the stay until April 28, 2021. Once more, and due solely to reasons beyond the control of Defendants, Defendants were forced to move the Court for a Second Motion to Extend the Stay to safeguard the officers' rights against self-incrimination secured by the Fifth Amendment of the United States Constitution and provide them the ability to properly participate in the litigation and engage in meaningful discovery in the civil matter.[9] As there has been no fundamental change in the circumstances justifying the initial stay of all activity in the instant matter, the Honorable Judge Gergel granted Defendants' Motion.[10]

## II.    LEGAL STANDARD

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous Order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[11] The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) "to correct a clear error of law or prevent manifest injustice."[12] Rule 59 motions "may not be used to make arguments that could have been

---

[8] ECF No. 51.
[9] ECF No. 57.
[10] ECF. No. 58
[11] 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.).
[12] *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993) (emphasis added).

3

made before the judgment was entered."[13] Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result.[14]

Rule 60(b) of the Federal Rules of Civil Procedure provide that an adversely affected party may seek from a ***final*** judgment, order, or proceeding for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."[15] The addition of the qualifying word "***final***" emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.[16]

While motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment under Rule 60(b), the Court should grant a Rule 54 motion only under narrow circumstances. The Court should reconsider a prior interlocutory order under Rule 54 only when "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice."[17]

---

[13] *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir.2002).
[14] *Goodson Construction Co. v. International Paper Co.*, 2006 WL 1677136 (D.S.C.) (citing *Tran v. Tran*, 166 F.Supp.2d 793, 798 (S.D.N.Y.2001)).

[15] Fed.R.Civ.P. Rule 60(b).
[16] *Id.* Notes of Advisory Committee on Rules-1946 Amendment.
[17] *In re MI Windows and Doors, Inc*, F.Supp.2d, 2012 WL 5471862 (D.S.C.) (citing *Akeva L.L.C. v. Adidas Am., Inc.,* 385 F.Supp.2d 559, 566 (M.D.N.C.2005) and *Bailey v. Polk Cty., N.C.,* No. 10–264, 2012 WL 122565, at *2 (W.D.N.C. Jan.17, 2012) (internal citation omitted).

4

Doc # 965

### III.  ARGUMENT

Plaintiffs argue that their Motion to Alter or Amend is based on that fact that "Plaintiffs were denied an opportunity to be heard on this matter before the [C]ourt issued its ruling."[18]  While the Federal Rules of Civil Procedure and Local Civil Rules are silent on this issue, the Federal Rules of Appellate Procedure persuasively provides:

> The court may act on a motion for a procedural order—including a motion under Rule 26(b)—at any time without awaiting a response, and may, by rule or by order in a particular case, authorize its clerk to act on specified types of procedural motions. A party adversely affected by the court's, or the clerk's, action may file a motion to reconsider, vacate, or modify that action. Timely opposition filed after the motion is granted in whole or in part does not constitute a request to reconsider, vacate, or modify the disposition; a motion requesting that relief must be filed.[19]
>
> The term "motions for procedural orders" is used in subdivision (b) to describe

motions which do not substantially affect the rights of the parties or the ultimate disposition of the appeal.[20]  To prevent delay in the disposition of such motions, subdivision (b) provides that they may be acted upon immediately without awaiting a response, subject to the right of any party who is adversely affected by the action to seek reconsideration.[21]

The reasoning behind this rule applies to the instant matter because the Court has the authority to control its docket and the Order in question was a non-dispositive, procedural order.  Granting a 90-day stay does not substantially affect Plaintiffs' rights or the ultimate disposition of the case and Plaintiffs have the ability to seek reconsideration and as such Plaintiffs' Motion should be denied.

---

[18] ECF No. 59, page 3.
[19] Fed.R.App.P. 27(b).
[20] Fed.R.App.P. 27 advisory committee's note.
[21] *Id.*

5

Doc # 965

Plaintiffs have failed to demonstrate any clear legal errors, or any manifest injustice occurred, as required by Rule 59(e).[22] Plaintiffs allege that "a manifest of injustice occurred when the Plaintiffs were not afforded an opportunity to be heard on the matter" and were "denied . . . their due process right[s]."[23] Defendants posit that it was within the Judge's discretion to rule on Defendants' non-dispositive, procedural motion and that Plaintiffs have the opportunity to/and have exercised their due process rights by way of their instant motion for reconsideration. As such, no clear legal errors or any manifest injustice occurred, and Plaintiffs' motion should be denied.

Additionally, Plaintiffs further argue the court's ruling should be amended pursuant to Federal Rule 60(b). Defendants posit that Rule 60(b) is not applicable to the Order in question. Under Rule 60(b), a party may move for relief from a final judgment or order, but Judge Gergel's Order was interlocutory; it did not end the action as to any of plaintiffs' claims. Therefore, the applicable standard is found in Rule 54(b): "[A]ny order . . . that adjudicates fewer than all the claims . . . may be revised at any time. . . ."[24] Here, Plaintiffs have failed to set forth any intervening change in controlling law, additional evidence that was not previously available, or that Judge Gergel's ruling was based on clear error or would work manifest injustice.[25] As such, Plaintiffs' Motion fails and should be denied.

---

[22] *See Robinson v. Wix Filtration Corp.,* 599 F. 3d 403,407 (4th Cir. 2010) (requiring the movant show (1) an intervening change in the controlling laws (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice).
[23] ECF No. 59, page 5.
[24] Fed.R.Civ.P. 54(b).
[25] *In re MI Windows and Doors, Inc*, F.Supp.2d, 2012 WL 5471862 (D.S.C.) (citing *Akeva L.L.C. v. Adidas Am., Inc.,* 385 F.Supp.2d 559, 566 (M.D.N.C.2005) and *Bailey v. Polk Cty., N.C.,* No. 10–264, 2012 WL 122565, at *2 (W.D.N.C. Jan.17, 2012) (internal citation omitted).

6

Plaintiffs argue that it would be unrealistic to indefinitely postpone civil matters until any possible criminal charges are brought. Additionally, Plaintiffs confer that there is no indication that another stay will be enough for the federal government to decide if they are going to pursue charges. However, Plaintiffs fail to take the totality of the circumstances at play into account. First, Defendants request a stay due to an active and on-going parallel criminal investigation which could conceivably yield federal indictments, not an obscure possibility that criminal charges may come. Additionally, the criminal investigation has been hampered due to the global COVID-19 pandemic along with the extra precautions and restrictions that have slowed every facet of our nation. Additionally, the contentious presidential election and subsequent riots that followed diverted much of the Justice Department and FBI's attention, further slowing the investigative process. Additionally, other unforeseen obstacles, as outlined in Defendants' Status Reports to the Court and incorporated by reference herein, have hindered the federal investigation. Defendants are confident that with the nation recovering and coming out of lockdown from the pandemic and the new appointment of the Department of Justice's Civil Rights Division Head, a prosecutorial decision should be forthcoming.

Lastly, Plaintiffs liken the case at hand to *Reeves v. Town of Cottageville*, in which this Court denied the Defendants renewed motion to stay when the defendant had not yet been indicted.[26] Despite the assertion that this case is "directly on point for this matter," Defendants assert that the facts in *Reeves* are clearly distinguishable in a fundamental way. In balancing the several *Ashworth* factors,[27] the *Reeves* Court noted that there had

---

[26] No. 2:12-CV-02765-DCN, (D.S.C. Apr. 12, 2013).
[27] *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D.W. Va. 2005).

7

Doc # 965

not been any investigative activity undertaken by federal authorities in over four months. Unlike in *Reeves*, the FBI is actively investigating this matter. First, the individually named Defendants have been notified and are aware of the FBI Investigation. Additionally, the FBI has conducted multiple interviews and have issued Grand Jury record subpoenas. As provided in Defendants' last Status Report to the Court an April 20, 2021, FBI Agent George French advised the undersigned counsel that they are pending receipt of one response to a Grand Jury Subpoena for information.[28] Because the investigation is actively proceeding, a continuation of the stay is warranted in the interest of justice to protect the constitutional rights of the Defendant officers.

## IV.     CONCLUSION

For the foregoing reasons, the above-named Defendants respectfully request this Court deny Plaintiffs' Motion to Alter or Amend as a 90-day stay does not substantially prejudice Plaintiffs and it is in the interest of justice to safeguard the officers' rights against self-incrimination secured by the Fifth Amendment and provide them meaningfully opportunity to participate and mount a defense in this civil matter.

**\*\*Signature Line on Following Page\*\***

---

[28] ECF No. 56.

Respectfully submitted.

LAW OFFICES OF CHRISTY L. SCOTT, LLC

By: s/Christy L. Scott_____
Christy L. Scott, Federal ID No. 6215
Post Office Box 1515, 108 Carn Street
Walterboro, SC 29488
(843) 782-4359

ATTORNEY FOR DEFENDANTS
Cody C. Kirkman, Individually and as an Officer of Town of Bluffton Police Department; Amber Swinehamer, (mistakenly spelled Swinehammer), Individually and as an Officer of Town of Bluffton Police Department; Lindsey Gibson, sued individually and as a former police officer of the Bluffton Police Department, and the Town of Bluffton Police Department

May 27, 2021

Walterboro, South Carolina

9

Doc # 965