IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ted D. Ellis and Teresa Ellis, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C/A No.: 9:19-cv-2163-RMG-MGB |
| ) | |
| Cody C. Kirkman, individually; Amber ) | |
| Swinehammer, individually; Lindsey ) | OBJECTION TO DEFENDANTS MOTION |
| Gibson, individually; Cody C. Kirkman, ) | TO EXTEND STAY |
| Amber Swinehammer, and Lindsey ) | |
| Gibson, as agents/officers of Town of ) | |
| Bluffton Police Department; and Town ) | |
| Of Bluffton Police Department ) | |
| ) | |
| Defendants. ) | |
| _____ _____) | |

COMES NOW Plaintiffs, Ted and Teresa Ellis, who object to Defendants' Motion and request for a stay of this litigation for the fourth time. For the reasons explained below, an extension of a stay that keeps this case from moving forward is not warranted as Plaintiffs continue to suffer great prejudice from these delays.

The Bluffton Police Department received a letter notifying them that the FBI was investigating this incident for criminal violations of Federal Civil Rights statutes approximately ten (10) months after Plaintiffs filed this action. For almost a year, this litigation has been held up to protect the interest of the individual officers while leaving the Plaintiffs with no progress toward the justice they are seeking. This is a civil litigation, not a criminal matter yet Defendants are being afforded protection for an issue that has yet to even manifest itself in reality. If Defendants are allowed to prevail on their motion it would constitute an unprecedented delay. It would be an entire year that would has been wasted in order to protect

the civil defendants' interest where there has been no indictments issued, no search warrants have been executed, and as of yet there has been no decision on whether there will be any charges sought. This goes beyond all prior judicial precedent in this district court or the Fourth Circuit. See *Reeves v. Cottageville (D. S.C. 2013);*

**DEFENDANTS' REQUEST FOR A STAY OF THIS CASE SHOULD BE DENIED.**

Once again, Plaintiffs' do not dispute that the individual Defendants Kirkman, Swinehammer, and Gibson have the right to assert the Fifth Amendment and refuse to answer questions in this proceeding. These Defendants have had that right from the moment this incident occurred in 2017. In fact, their Fifth Amendment rights have been protected even further by the FBI pursuant to *Garrity*, which requires any statements made by the officers during their departments internal use of force review be redacted and not looked at by the investigating agents.

"Although the Fourth Circuit has not adopted an explicit set of factors to consider when determining whether to implement a stay, at least one court within the circuit has applied a five-factor test adopted by a variety of courts across the country. In Ashworth, the court applied the following factors when determining whether to grant a motion to stay: (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay, (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. Id. at 530. While a party need not

be formally indicted to exercise the privilege against self-incrimination, the likelihood of a potential forthcoming indictment may affect the court's decision on whether to grant the stay or on the duration of the stay. See id. at 531; *Harbour Town*, 411 F. Supp. 2d at 643; Shane Co., 147 F.R.D. at 101. Additionally, stays generally are not granted before an indictment has issued." *Reeves v. Town of Cottageville* (D. S.C. 2013).

Plaintiffs filed this case in August 2019. The FBI did not begin to investigate this matter until June 2020. These cases have an accelerated statute of limitations, 2 years as opposed to 3 ostensibly for these cases to be resolved in a timely matter. Yet, this litigation is being stayed without the benefit of continuing discovery to benefit officers accused of wrongdoing while Plaintiffs continue to suffer in silence.

There is no indication that another stay will be enough for the federal government to decide if they are going to pursue charges considering the fact that that the parties have been informed at least three (3) prior times, that the government would make a decision within 3 months of the extension period and that has yet to come true. There is nothing that has been relayed that makes it likely that this will be true this time when it has not been so far.

There is no guarantee that any stay will resolve the Defendant's predicament of asserting their Fifth Amendment rights. The Plaintiffs should not be made to wait any longer than they already have to get justice. It is fundamentally unfair that Plaintiffs have to wait to move forward with their case while law enforcement decides whether they are going to prosecute one of their own. There is no statute or case law that asserts that a defendant's rights in a civil matter outweigh those of the Plaintiff. "The court certainly has an interest in managing its case load efficiently, just as the parties have an interest in

having this case litigated in an efficient manner." *Reeves v. Town of Cottageville* (D. S.C. 2013). "A stay in this type of case is often relatively indefinite, because there is no way to predict when the criminal investigation would end. One court has concluded that this uncertainty weighs against a stay: "[I]t is unrealistic to postpone indefinitely the pending action until criminal charges are brought or the statute of limitations has run for all crimes conceivably committed by [the defendants]." *Walsh Securities v. Cristo Property Management*, 7 F.Supp.2d 523 (D. N.J. 1998)

Defendants have failed to establish why all activity in the matter must be stayed. The heart of Defendants' motion is whether the individual Defendants should be compelled to participate in discovery at this time. Defendants have failed to argue why ancillary discovery could not be conducted during this period. The only discovery that would be impacted by Defendants being under investigation by the FBI would be the personal depositions of the individual Defendants. There is no justification why other depositions and limited discovery could not be conducted during this time.

Since the time of the incident that is the subject of this litigation, the Bluffton Police Department has had no less than four (4) different police chiefs. With each passing day, the delay of this litigation makes it exponentially harder to conduct discovery regarding the Department's policies and practices.

Plaintiffs do not need to remind the court that the public as a whole deserves these cases to be efficiently adjudicated as current events have taught us that criminal prosecutions have not been the avenue that most victims and the affected families have achieved justice. They have only achieved justice in most cases through the civil process.

**CONCLUSION**

Multiple cases cite to the fact that a stay is an extraordinary remedy reserved for only the most extraordinary of cases. In weighing the factors that have been indicated by this court, this case is not one of those cases. As such, Defendants' Motion to Stay should be denied, or in the alternative, Plaintiffs request that the stay not include "all activity" and allow for ancillary and limited discovery be able to proceed during this additional 90 day stay.

.

August 2, 2021

s/ Arie D. Bax
FEDERAL ID #: 10340
The Bax Law Firm
10 Sams Point Way  Ste B-1 PMB 138
Beaufort, SC 29907
Phone: (843) 522-0980 Fax: (843) 379-3115
ATTORNEY FOR THE PLAINTIFFS